# In the Matter of Proving the Last Will and Testament of AMBROSE S. HIGGINS, deceased.

In proceedings for the probate of the will of H. it appeared that the testator presented the will, which was written by himself, to J., who drew the attestation clause and signed it as a subscribing witness, as did also S. The latter testified that the testator, in answer to questions of J., stated that the instrument was his last will and testament, and thereupon, at his request, the two witnesses signed their names in his presence and in the presence of each other, and that at that time it had been signed by the testator. J. testified he did not recollect all that occurred, but that the testator came to him with a paper which he thought was the one in question, and desired him to witness his will, and in answer to questions put by the witness he acknowledged it to be his last will and testament, and requested witness and S. to sign, and both did so in the presence of the testator and of each other; that he could not swear the testator said that was his signature. *Held*, the evidence sufficiently established the due execution of the will to authorize its admission to probate; and this, although other witnesses who were present contradicted the testimony of the subscribing witnesses.

(Argued January 16, 1884; decided January 29, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a decree of the surrogate of Cortland county, admitting to probate the will of Ambrose S. Higgins, deceased.

The facts are sufficiently stated in the opinion.

*Eugene B. Travis* for appellants. Probate of the will should be denied because the testator did not acknowledge its subscription to each of the attesting witnesses, and at the time declare it to be his last will and testament. (3 R. S. [7th ed., Throop] 2285.) A subscription of a will by a testator, after the witnesses have signed their names to it, is not a due execution of it by him. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 413; *Jackson* v. *Jackson*, 39 id. 153; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596; *Chaffee* v. *Baptist M. Soc.*, 10 Paige, 86; *Brinckerhoof* v. *Remsen*, 8 id. 488; *Rutherford* v. *Rutherford*, 1 Denio, 33.)

*Samuel Hand* for respondent.    The surrogate having passed upon the question of the execution of the will as to acknowledgment of the signature of the testator, upon conflicting evidence as a question of fact, and this decision having been affirmed at General Term, it is not the subject of review in this court. (*In re Ross*, 87 N. Y. 514; *Mark* v. *McGlynn*, 88 id. 369; *Davis* v. *Clark*, 87 id. 623.) Upon the uncontradicted evidence in the case the formalities of the statute were complied with, in the execution of the will, by the testator. (2 R. S. 63, § 40.) Mere want of recollection of one of the attesting witnesses cannot have any material weight against the positive and clear testimony of the other witness. (*In re Pepson's Will*, 91 N. Y. 255; *Rugg* v. *Rugg*, 83 id. 592; *In Goods of Holgate*, 1 Sw. & Trist. 261; *Brown* v. *Clark*, 77 N. Y. 369; *Neihlsell* v. *Toerge*, 4 Redf. 325; *Tarrant* v. *Ware*, 25 N. Y. 423; *Humphrey's Estate*, 1 Tuck. 142; 1 Williams on Executors [6th Am. ed.], 135; Code, § 2620; *Lawrence* v. *Norton*, 45 Barb. 448; *Neir* v. *Fitzgerald*, 2 Bradf. 71; *Lawyer* v. *Smith*, 8 Mich. 411; *Trustees of Auburn Theological Seminary* v. *Calhoun*, 62 Barb. 381; 25 N. Y. 422; *Dean* v. *Dean*, 27 Vt. 746; *Kirk* v. *Carr*, 54 Penn. St. 285; *Orser* v. *Orser*, 24 N. Y. 53.) The signature of the testator being visibly apparent on the face of the will to the attesting witnesses, and the testator having requested them to subscribe, and in express terms having acknowledged and declared to them the instrument so presented to be his will, this was a sufficient acknowledgment of his signature. (*Baskin* v. *Baskin*, 36 N. Y. 416; *Conboy* v. *Jennings*, 1 N. Y. Sup. Ct. 632; *Willis* v. *Mott*, 36 N. Y. 486; *Matter of Kellum*, 52 id. 517; 1 Williams on Executors [6th Am. ed.], 117; *McMillan* v. *McMillen*, 13 Weekly Dig. 350; *Inglesant* v. *Inglesant*, L. R., 3 P. & Div. 172; *Butler* v. *Benson*, 1 Barb. 526; *Jauncey* v. *Thorne*, 2 Barb. Ch. 40; *Nelson* v. *McGiffert*, 3 id. 158; *Robinson* v. *Smith*, 13 Abb. 359; *Hoysradt* v. *Kingman*, 22 N. Y. 372; *Coffin* v. *Coffin*, 23 id. 7; *Peck* v. *Cary*, 27 id. 9; *Goods of*

*Mary Warden,* 2 Curteis, 334; *Gage* v. *Gage,* 3 id. 451; *Blake* v. *Knight,* id. 547.)

MILLER, J. The only question presented upon this appeal is whether the testator acknowledged his signature to his will to the subscribing witnesses at the time they signed the attestation clause. The proof shows that the testator drew up the will in his own handwriting, and brought it to one Jones, who drew up the attestation clause to the same. One of the witnesses, Stoker, testified that he was present at the time, and that Jones asked the testator if the signature to the will was his, and he replied that it was; that Jones then asked him if that was his last will and testament, and he said it was; that at that time it had been signed by the testator and that the two witnesses thereupon, at testator's request, signed their names in his presence and in the presence of each other. This witness' testimony shows that the statute was complied with strictly. The witness Jones testified that he did not récollect all that occurred, but that the testator came into his office with a paper which he thought was the will in controversy, and stated that he desired him to witness his will; that he asked him if he acknowledged the paper to be his last will and testament and the testator said he did; that he then asked him if he desired himself and Stoker to sign it as witnesses, and he said he did; that they both then signed it in the presence of each other and of the testator. On cross-examination this witness stated that he could not swear that the testator said that was his signature, but he swore he knew he acknowleged that it was his last will and testament. The most that can be claimed for the qualification thus made is, that the witness did not recollect, but as he had already sworn that the testator had declared the instrument to be his last will and testament, the last statement cannot be regarded as a qualification of what he had previously testified to. Even if there was a failure of recollection, inasmuch as one of the witnesses testified positively to the due execution of the will, such a want of recollection cannot materially affect the testimony which established

the legal making of the will. The authorities are numerous which sustain the position that where one witness testifies positively to the due execution of a will, the want of memory of another cannot overcome the positive testimony, and the proof will be regarded as sufficient. Aside from what has been already remarked, we think that the testimony of Jones, who swore positively that the testator acknowledged the will to be his last will and testament, was an acknowledgment of his signature, and sufficient, with the other evidence given by him, to establish a due execution of the will. The signature was plainly visible upon the instrument itself, and the testator having requested Jones and Stoker to subscribe their names to it as witnesses, and he having acknowledged the same to be his last will and testament, the statute was fully complied with in this respect within the decisions of this court.

It is insisted that the testimony of the subscribing witnesses was contradicted by persons who were present at the time. These witnesses had nothing to do with the execution of the will, were present accidentally and, the presumption is, did not give the same attention to what transpired as the subscribing witnesses did. Their testimony must be taken, therefore, with considerable allowance and is not entitled to the same weight as the evidence given by those whose business it was, and who were called upon to witness the execution of the will. Certainly such evidence, under no rule, can be held to be entitled to more consideration than the positive testimony of the subscribing witnesses. It is said that these outside witnesses corroborate the testimony of Jones, which, it is claimed, established the fact that the will was not signed by the testator at the time of the alleged execution of the same. As already indicated we do not so understand Jones' evidence. It clearly tends to establish the due execution of the will and the most that can be claimed under any circumstance is that there was a conflict of testimony, which it was the province of the surrogate to consider. As he has passed upon the question, as to the due execution of the will, as to the acknowledgment of the signature of the testator, upon conflicting evidence as a question of

fact, and the General Term having affirmed his decision, it is not reviewable in this court. (*Marx* v. *McGlynn*, 88 N. Y. 369 ; *In re Ross*, 87 id. 515.)

The order of the General Term should be affirmed.

All concur.

Order affirmed.