Follett, J.
(2 R. S., 63, sec. 40.) “ Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner :
“First. It shall be subscribed by the testator at the end of the will.
“Second. Such subscription shall be made by the testator, in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses.
“Third. The testator at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament.
“Fourth. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator.”
The first requirement of the statute was accurately complied with. That it was subscribed at the end of the will is apparent by inspection. That the subscription was made by the testator is undisputed. The will is in the testator’s handwriting, so are the words “ J. B. Straub is clerk in our store,” written in pencil on the page with and below the will; so, also, are the words “ my will ” indorsed in pencil on the back of the will. A subscription without a seal is a valid execution of a will relating to real and personal estate (Matter of Diez, 50 N. Y., 88; and the statute above quoted). The compliance with the requirement is found as a fact by the surrogate and is undisputed.
Was the second subdivision of the section complied with? The subscription was not made by the testator in the presence of either Skinner or Beach, and it is unknown whether it was made in the presence of Straub. When the will was presented to Skinner and Beach for their attestation it had *294 been subscribed by the testator. The signature was acknowledged by the testator to have been made by him to Skinner and Beach. That it was so acknowledged to Skinner is undisputed. Skinner testified, “ he acknowledged that was his signature, or acknowledged the execution of the will.” Beach testified that the testator told him: “ While I was writing my name he told me it was his last will and testament, and that he wanted me to sign my name as a witness.” Both Skinner and Beach were well acquainted with the testator’s signature and saw it immediately before and at the very time they severally attested the will. After Beach had signed, and in the same interview, the testator made use of the expressions, “ that he had executed it,” “ that he had signed it.”
The testator’s acknowledgment that the instrument presented for attestation was his last will and testament, connected with the fact that his signature had then been made, was then seen by each attesting witness, each knowing his handwriting, was a sufficient acknowledgment of the genuineness of the signature and a perfect identification thereof (Higgin's Will, 94 N. Y., 554; Baskin agt. Baskin, 36 N. Y., 416; Mitchell agt. Mitchell, 16 Hun, 99 ; affirmed 77 N. Y., 596).
It is unnecessary that the acknowledgment be made in the presence of both of the attesting witnesses at the same time, but it is sufficient to make it to them severally (Sub. 2 of sec. 40, above quoted; Hoysradt agt. Kingman, 22 N. Y., 372). It is also unnecessary for the attesting witnesses to sign in the presence of each other (see authorities last cited). The compliance with this requirement is found as fact by the surrogate and is amply sustained by the evidence.
Was the third subdivision of the section complied with? The testator did not, at the time he made his subscription, declare the instrument so subscribed to be his last will and testament, because, as before stated, neither Skinner or Beach was then present; but the testator declared to Skinner and Beach severally that the instrument by him previously sub *295 scribed was his last will and testament. That was a sufficient acknowledgment (Willis agt. Mott, 36 N. Y., 486, and authorities before cited). Skinner and Beach having each seen the testator’s subscription at the end of the will before the instrument was declared, and knowing his handwriting, it was a perfect identification of the written words within Mitchell agt. Mitchell (16 Hun, 97; affirmed 77 N. Y., 596). The surrogate found as a fact upon this evidence, which is sufficient, that this subdivision had been complied with.
Was the fourth subdivision of the section complied with?' The attestation clause usually signed by the attesting witnesses is no part of the will, and it is legally executed without the addition of such a clause if the witnesses attest in the' manner and form prescribed by the statute (Jackson agt. Jackson, 39 N. Y., 153).
The appellants insist that this clause has not been complied’ with within Jackson agt. Jackson (39 N. Y., 153) ; The Sisters of Charity, &c., agt. Kelley (67 N. Y., 409); Rugg agt. Rugg (21 Hun, 383; affirmed, 83 N. Y., 592); Charlton agt. Hardmarsh (1 Sw. & Tr., 433; 5 Jur. [N. S.], 581; affirmed, 8 H. L. Ca., 160). The first two cases cited hold' that the witnesses must sign, after the testator has subscribed,, otherwise it is not a valid execution. The third case recognizes the same rule. The last case holds that if the attesting witnesses do not see the testator perform the manual act of subscription, his acknowledgment of its genuineness and declaration of the purpose for which made, must precede their manual act of signing as attesting witnesses.
Skinner swears that the testator acknowledged his signature before he signed as an attesting witness. Beach swears that the testator had subscribed the will before it was presented to him as before stated. The testator then laid the instrument before Beach and told him he had a paper he wished him to sign as a witness. The witness says : “ I commenced writing my name ; while I was writing my name he told me it was his last will and testament and that he wanted me to sign my name *296 as a witness. I stopped then and told .him that 1 thought the paper was informally drawn.” The testator and the witness had further conversation in which the testator made use of the expression “ that he had executed it; that he had signed it.” Q. When did you finish your signature ? A. After he had finished talking. Q. After he had told you what it was ? A. Tes, sir. Q. Was his name signed at the time? A. It was. Q. How, Mi'. Beach, was it not after you had signed your name that he first told you that it was a will? A. Ho; it was as I took the pen; I was already writing and he put the paper, as he took it out of his pocket, on the table in front of me, and he said there was the paper he wanted I should sign ; I put the papers on which I was to work on one side and commenced the signature, and he told me then.”
The construction most favorable to the appellants of the evidence of Beach, is, that the acknowledgment by the testator of his signature, and the attesting by Beach were simultaneous acts. This has never been held insufficient, and we think it satisfies the reason of the statute, and is a sufficient compliance therewith. Upon the compliance with this subdivision of the statute, the surrogate found against the appellants. There is no doubt from the evidence that each of the attesting witnesses attested fully, intending to become an attesting witness to the will. The fact that Beach told the testator that the execution was informal, and that Beach entertained the idea that the testator would thereafter execute a will in a more formal manner, did not change the character of the completed act. That the testator did intend that that instrument should be his will, is plainly disclosed by his persistent defense to Beach of the sufficiency of its execution and by his retaining it as his will. The point is made that, by ■section 2652, Code Civil Procedure, the surrogate is required to make a decree, revoking or confirming the probate; that the decision of the surrogate is not a decree, and that the appeal is prematurely taken.
Hear the close of the decision, this paragraph occurs: “And *297 it is further ordered, adjudged and decreed that said last will and testament of said Lewis S. Phillips, deceased, and the probate thereof heretofore made and the decree entered thereon in this court on the 21st day of February, 1883, be and the same hereby are in all respects ratified and confirmed.” The decision bears date October 10, 1883, and is signed by the surrogate. The case does not show that the decision or decree has been entered of record, but it must be presumed that the surrogate did his duty. ■ The appeal was not prematurely taken and cannot be dismissed.
The decree of the surrogate is affirmed, with costs.
Hardin, P. J., and Merwin, J., concur.
Note. —Affirmed by court of appeals, March 3,1885.— [Ed.