In the Matter of the Probate of the Last Will and Testament. of THOMAS LANGTRY, Deceased.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

*Will. Execution. Acknowledgement.*—An attestation clause to a will which recites the acknowledgment, by the testator, of his signature, not accidentlaly but as statement of a fact, together with the positive testimony of the draftsman that the testator said that the signature was his, though the subscribing witnesses do not distinctly remember the circumstance, and the fact that the testator's signature was in sight at the time, are sufficient proof of such acknowledgment, to entitle the will to probate.

Appeal from the decree of a surrogate's court, admitting a will to probate.

*Charles A. Kellogg*, for appellant.

*L. C. Lang*, for respondent.

PER CURIAM.—The only question here is as to the due execution of the will. And that question arises solely on the point whether the testator did acknowledge the subscription to have been made by him to each of the attesting witnesses. The surrogate has found this fact in the affirmative. His conclusion should have much weight with us, even if we may review it.

On examining the evidence, we think his conclusion was correct.

The will was executed in 1872, some sixteen years before the hearing before the surrogate. It cannot be expected that the recollection of witnesses will always retain all the circumstances. We have the attestation clause which recites the acknowledgment. And this was not accidentally

inserted. For the draftsman testifies that he drew the will, affixed the seal and had the testator sign it at the testator's house; and that they then went with the will (including this clause), to the store of the attesting witness, Fletcher, for the purpose of having the will witnessed. Therefore the draftsman knew the necessity of this acknowledgment.

The attesting witnesses do not distinctly remember that the testator acknowledged the signature. Indeed Nowlan, one of them, thinks he did not. On the other hand, the draftsman, then present, testifies positively that the testator said that the signature was his and he wrote it.

Now there is no question that, at that time, the will had been signed by the testator and that it was in his hand while he was in the room, and was then laid upon the table for the purpose of having the witnesses sign, after he had declared it to be his will. There is some disagreement to the question: "Whether the paper was so folded that the signature as well as the attestation clause was in sight;" and the surrogate was of the opinion from the manner of folding the paper that the signature must have been seen if (as testified), the attestation clause was in sight. This seems probable, from an examination of the original will.

In the Mackay Case (44 Hun, 571; 15 N. Y. State Rep. 50; aff'd 110 N. Y. 611; 18 N. Y. State Rep. 538), the attestation clause recited that the instrument was signed in the presence of the witnesses, which was not true. And there was no evidence (other than that clause), that it had then been signed. The signature, if any, was carefully concealed.

So in the Mitchell Case (16 Hun, 97; affirmed 77 N. Y. 596), there was not a sufficient indication to one of the witnesses that the signature (not seen), was that of the testator.

But upon the facts shown in the present case, and under the decisions in the Higgins Case (94 N. Y. 554), and the

Phillips Case ('98 N. Y. 267), we are of opinion that the will was properly executed.

Decree affirmed, with costs against appellants.

LANDON and INGALLS, JJ., concur.