(17 Misc. Rep. 108)

### In re STOCKWELL'S WILL.

(Surrogate's Court, Onondaga County. May, 1896.)

WILLS—EXECUTION—SUBSCRIBING WITNESS.

    A subscribing witness, who did not see testatrix sign her name, and to whom testatrix did not expressly acknowledge her signature, testified that she did not see the signature when she signed as a witness. It appeared, however, that the witness and her husband, who was also a subscribing witness, were in the room when testatrix wrote the will; that the husband first signed as a witness after testatrix had signed the will, and then his wife signed; and that at the time of such signing the paper had not been folded, and the signature of testatrix was in full view. *Held*, that the evidence showed that the signature of testatrix was seen by the witness at the time she subscribed her name.

Proceeding for the probate of the will of Martha N. Stockwell, deceased.    Granted.

Frank L. Young, for proponent.

Edward J. Shanahan, for contestant.

GLASS, S.    The only question in this proceeding is whether or not there was a sufficient acknowledgment by the testatrix of her subscription to the instrument offered for probate as her will.    The statute requires either that the subscription shall be made by the testator in the presence of each of the subscribing witnesses, or that it shall be acknowledged by him to have been so made, to each of the attesting witnesses.    Neither of the subscribing witnesses saw the testatrix subscribe her name to the paper, nor did the testatrix, by any spoken word, acknowledge to either of the witnesses that she had subscribed it.    It is claimed, however, in behalf of the proponent, that, although there was no verbal acknowledgment by the testatrix of her subscription, her acts in connection with the execution of the will amounted to an acknowledgment of subscription, and that, therefore, the statute was complied with.    The will was drawn by the testatrix herself, and was executed on the 23d day of March, 1895, at the house of Mr. Abernethy, her cousin, in Syracuse, N. Y.    She had been a member of his family for about three years, and Mr. and Mrs. Abernethy and Isabella G. Paton, a servant in the family, were the attesting witnesses.    Miss Paton was not called as a witness in this proceeding, and it does not appear when or where, or under what circumstances, she signed the will as a witness.    The circumstances attending the execution of the instrument before Mr. and Mrs. Abernethy as attesting witnesses were as follows:    The testatrix and Mrs. Abernethy were both sitting in the library of the Abernethy home on the day in question.    The testatrix was

writing upon a pad in her lap, at one side of the room, and Mrs. Abernethy was writing at her desk, at the other side of the room. Mr. Abernethy came into the room, and the testatrix said, "Arthur, I want you and Hatty to witness my will." He said, "All right," went over to where the testatrix was sitting, and attempted to write his name, as an attesting witness, upon the paper while it was yet in her lap, but found that it was so low down he could not conveniently do so. He then took the paper over to a table, and wrote his name about three-fourths of an inch below the signature of the testatrix, but on the left side of the paper, the signature of the testatrix being on the right side. He also wrote the word "witness" before his own name, and before the space where his wife was to sign her name. Mrs. Abernethy then took her place at the table, and wrote her name immediately under her husband's signature, opposite the second word "witness" written by her husband. At the time Mr. Abernethy subscribed his name as an attesting witness, he saw the signature of the testatrix already signed at the end of the will. The rules of law applicable to the foregoing facts are laid down in the following leading cases:

In Re Will of Phillips, 98 N. Y. 267, Rapallo, J., says:

"The exhibition of the will, and of the testator's signature attached thereto, and his declaration to the witness that it was his last will and testament, and his request to the witness to attest the same, were, we think, a sufficient acknowledgment of the signature and publication of the will. * * *"

In Baskin v. Baskin, 36 N. Y. 416, Porter, J., said:

"When, however, the testator produces a paper, to which he has personally affixed his signature, requests the witnesses to attest it, and declares it to be his last will and testament, he does all that the law requires. It is enough that he verifies the subscription as authentic, without reference to the form in which the acknowledgment is made; and there could be no more unequivocal acknowledgment of a signature thus affixed than presenting it to the witnesses for attestation, and publishing the paper so subscribed as his will."

In Re Lang's Will, 9 Misc. Rep. 521, 30 N. Y. Supp. 388 (Fitzgerald, S.), it was held that the presentation of the will to the witnesses, with the signature in plain sight, is a substantial acknowledgment of the signature. It was necessary, however, that the subscribing witnesses should have seen the signature of the testatrix at the time of the publication of the will, and of its subscription by them as witnesses. Lewis v. Lewis, 11 N. Y. 221; Mitchell v. Mitchell, 16 Hun, 97, affirmed 77 N. Y. 596; In re Will of Mackay, 110 N. Y. 611, 18 N. E. 433. In Re Will of Mackay, supra, Earl, J., says:

"Subscribing witnesses to a will are required by law, for the purpose of attesting and identifying the signature of the testator; and that they cannot do, unless, at the time of attestation, they see it. * * * The formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition. To this end, the witnesses should either see the testator subscribe his name, or he should, the signature being visible to him and to them, acknowledge it to be his signature. Otherwise imposition might be possible, and sometimes the purpose of the statute might be frustrated."

So far as the attesting witness Mr. Abernethy is concerned, therefore, there was clearly a sufficient acknowledgment by the testatrix of her subscription to the will.

Mrs. Abernethy, the other attesting witness, however, on being asked by counsel whether she saw the signature of, the testatrix when she herself signed the will as a witness, answered: "No; I don't think I did.   I don't remember."   She further testified that she, could not tell positively whether the name of the testatrix was subscribed to the will when she signed as a witness, or not; that she did not remember.   If it is true, as Mrs. Abernethy seems to think was the case, that she did not see the signature of the testatrix at the time it was presented to the witnesses for attestation, there was no acknowledgment of subscription by the testatrix, as to Mrs. Abernethy, within the meaning of the cases above cited, although there are some cases tending to support the proposition that the acknowledgment of subscription by the testator is made if he presents his will, already signed by himself, to the attesting witnesses, publishing the same as his will, and requesting the witnesses to sign as such, provided the signature of the testator could be seen by the witnesses, no matter whether they did see it in fact or not.   In re Will of Higgins, 94 N. Y. 554; In re Look (Sup.) 7 N. Y. Supp. 298.   But I am satisfied that Mrs. Abernethy is mistaken in her present impression, and that she did in fact see the signature of the testatrix when she herself signed as a witness, but has forgotten the fact, although there was only the short interval of six months between the making of the will, and the occasion of her being called as a witness.   The paper itself, upon inspection, shows that she must have seen Miss Stockwell's signature when she wrote her own name as a witness, because it would have been a physical impossibility for her to have signed her name where she did without seeing Miss Stockwell's signature.   The whole will is written on the upper half of a sheet of ordinary letter paper, 8 by 10 inches in size.   Mrs. Abernethy signed her name immediately below that of her husband, and not more than an inch below the signature of the testatrix, but on the left side of the page, while the signature of the testatrix was on the right side. The latter portion of Mrs. Abernethy's signature is directly beneath the first portion of Miss Stockwell's signature.   There is no attestation clause to the will, and there is nothing between the signature of Miss Stockwell and that of Mrs. Abernethy except Mr. Abernethy's signature.   Miss Stockwell's signature was written in a plain, distinct hand.   The paper was not folded when it was presented to the witnesses for signature and was signed by them.   Mrs. Abernethy so testifies, and the paper itself corroborates her statement; for, while there is now a fold crosswise of the sheet, between the signature of the testatrix and that of Mrs. Abernethy, it could not have been there when Mr. Abernethy signed his name because the crease made in the paper by the fold passes through the upper portion of Mr. Abernethy's signature, and there are no breaks in the vertical lines of Mr. Abernethy's signature, which would have resulted if the writing had been done after the fold was made.   The paper not having been folded, and there being no suggestion of any other way by which there could have been any concealment of Miss Stockwell's signature, I am obliged to find that Mrs. Abernethy did in fact see the signature of the testatrix when the will was presented to her for

attestation, and that she saw it, not merely in the sense of seeing something written on that particular part of the paper, but in the sense of recognizing it as the signature of the testatrix, or, at least, of appreciating that it purported to be her signature. Quite similar facts existed in the case of In re McDougall's Will, 87 Hun, 349, 34 N. Y. Supp. 302. In that case the general term of the supreme court, First department, held that, even if the testimony of the attesting witness were to be interpreted as denying that he saw the signature of the testatrix at the time when the will was presented to him for attestation, an inspection of the will showed that he must have seen her signature when he signed his own name, because the contrary was physically impossible, and that there was consequently an acknowledgment by the testatrix of her subscription. My conclusion is that there was an acknowledgment by Miss Stockwell of her subscription at the end of the will, to both of the attesting witnesses, and that the statute was fully complied with in the execution of the will.

A decree may be entered admitting the will to probate. Ordered accordingly.