WILLIAMS, J.
(dissenting).—The contestant and appellant is the widow of the testator. The testator died Hovember 23, 1895, leaving the widow and three children by a former wife, his only heirs at law and next of kin. His will was made June 20, 1883, prior to the death of such former wife. The estate consists entirely of personal property. There were three witnesses to the will, Hubbard, Skinner, and Guy. Hubbard was dead at the time the will was presented for probate, and his signature as a witness thereto was not proven. The other two witnesses were examined before the surrogate upon the proceedings resulting in the probate of the will. The only question litigated before the surrogate (aside from the questions as to the construction of the will) was whether the due formalities were observed in its execution. The will was holographic, was acknowledged by the testator to the witnesses to be his will, and was declared by him in their presence to be his will, and they all subscribed their names thereto as witnesses, at his request, in his presence, and in the presence of each other, signing the ordinary attestation clause, stating, *1090 recites among other things, that the will was signed in their presence.
The only question is whether, upon all the evidence, the surrogate was justified in finding that the testator subscribed the will in the presence of the witnesses, or acknowledged his signature thereto to each of the witnesses. It is not disputed that it was necessary to establish a subscribing of the will in the presence of the witnesses, or an acknowledgment of the signature to each witness, and that, if an acknowledgment was relied upon, it must have appeared that the signature itself was visible to the witnesses. In re Mackay’s Will, 110. N. Y. 611; 18 S. R. 558 ; In re McDougall’s Will, 87 Hun, 349 ; 68 S. R. 426; In re Taudy’s Will, 148 N. Y. 403. In Orser v. Orser, 24 N. Y. 52, it was held that a will duly attested upon its face, the signatures to which are all genuine, may be admitted to probate, although none of the subscribing witnesses are able to swear from recollection that the formalities required by the statute were complied with, and even although some of them should swear positively that they were not, if the other evidence warrants the inference that they were. In Trustees v. Calhoun, 25 N. Y. 425, it was held that facts making due-execution of a will need not all or any of them be established by the concurring testimony of the two subscribing witnesses. While both witnesses must be examined, the will may be established even in direct opposition to the testimony of both of them. In Re Cottrell’s Will, 95 N. Y. 335, it was held that a regular attestation clause, shown 'to have been signed by the witnesses, and corroborated either by the circumstances' surrounding the execution of the instrument, the testimony of the other witnesses to the fact of due execution, or other competent evidence, is sufficient to establish a will signed by the testator, even against the positive evidence of the attesting witnesses to the contrary. There are many other authorities to this same effect, and the principles established in these cases' will hardly be controverted. Applying them to this case, it must be held that the facts and circumstances in proof before-the surrogate were such as to warrant him in finding a proper execution of this will. He was justified in finding, notwithstanding the want of recollection of the witnesses, or their more or less positive evidence to the contrary, that the testator signed the will in their presence, or at least acknowledged his signature to each of the witnesses, such signature being visible to them at the time. The issue appears to be somewhat narrowed by proof given before the surrogate to the effect that the body of the will, the signature of the testator,, and the body of the attestation clause were all written by the testator himself, and with the same ink and pen, while the ink and pen used by the witnesses in signing their names were different from those used by the testator. This would seem to indicate that the will was signed by the testator before the witnesses were called in. If this was a fact, then the only *1091 question remaining was whether the acknowledgment of the testator’s signature to each of the witnesses was made, it being visible to the witnesses at the time. That he acknowledged the will to be his, and declared it to be his, is not disputed. It was sworn to by the witnesses, and was not denied. This acknowledgment would, by fair inference, seem to cover the signature, as well as the body of the will, the signature having been subscribed to the will, and being there at the time of such acknowledgment. In re Buchan’s Will, 16 Misc. Rep. 204, and the cases therein cited.
The only question really left, then, was whether there was evidence before the surrogate authorizing him to find that the signature was visible to the witnesses when it was acknowledged to them by the testator. The will was executed June 20, » 1883. The hearing before the surrogate, when the witnesses gave their testimony, was February 17, 1896. More than 12 years had then elapsed since the transaction occurred as to which the witnesses spoke. Can memory be relied upon for so long a time to give a correct account in detail of the transaction ? Are we to credit fully the statements of the witnesses, to believe they gave all that occurred, all that was said and done, and precisely as it was said and done ? Especially, are we to give such effect to the evidence of the witnesses, when it tends to contradict the attesting clause, signed by the witnesses at the time, the probabilities of the case, and other circumstances appearing in the case, tending to show the proper "execution of the will? It seems to us the surrogate was justified in finding the will was properly executed, and that he could not well arrive at any other conclusion. We do not consider the questions as to the construction of the will, inasmuch as the majority of the court agree to reverse the degree because the will was not shown to have been properly executed.
Our conclusion is that the decree of the surrogate admitting the will to probate should be affirmed, with costs. ■
O’BRIEM, J., concurs. ''