Matter of the Probate of the Last Will and Testament of
JOSEPH CHRISTOFFEL.

(*Surrogate's Court, Bronx County, May,* 1916.)

WILLS—ATTESTING WITNESSES—EVIDENCE—WHEN PROBATE DENIED.

The attesting witnesses of a will in direct contradiction to the statements contained in the attestation clause testified that the decedent was unconscious when the alleged will was executed, that he did not declare it to be his will nor ask them to act as witnesses and that the cross mark which appeared in lieu of his signature was made with the assistance of another who was present at the time and guided the decedent's hand. The testimony of another witness who was present at the time the alleged will was executed was to the effect that it was duly executed.

*Held,* in denying probate, that the due execution of a propounded document may be shown by witnesses other than the attesting witnesses; that as a rule the testimony of such witnesses is not entitled to the same weight as is given to that of attesting witnesses; that a will may be admitted to probate even against the testimony of the attesting witnesses; that the burden of proving the execution of the propounded

instrument with the formalities as required by law and by a competent testator still remains upon the proponent, and that the proponent in this matter had failed to sustain the burden placed upon him.

PROCEEDINGS on the probate of a last will and testament.

Thomas N. Cuthbert, for proponent.

Warren McConihe, for respondents.

E. E. Woodbury, Attorney-General of the State of New York.

Ernest E. L. Hammer, public administrator of Bronx county.

Arthur A. Henning, special guardian for unknown heirs.

Deiches & Goldwater, for creditor.

SCHULZ, S.— The attesting witnesses in this matter swear positively that the decedent at the time when the alleged will is said to have been executed was unconscious, that he did not declare the instrument to be his will, that he did not ask them to act as witnesses, that the cross mark which appears in lieu of his signature was made after a pen had been placed in his hands by another who was present at the time and that the latter took the hand of the decedent in his and guided it in making such mark.

Their testimony is in direct contradiction with the statements contained in the attestation clause which they subscribed. Their explanation of this fact is that they did not know what was in the attestation clause when they signed it and that they signed the document because they thought that all of the property of the decedent was, under its terms, to go to two girls who

had lived with the decedent and his wife practically in the relation of parent and child; this being the disposition which the decedent on some prior occasion had told them he wished to make of his property.

The attesting witnesses are foreigners, unfamiliar with the requirements of the execution of a valid last will and testament, and up to this time perhaps were not impressed with the importance and solemnity of the act of testation. These facts might readily account for the signing of the attestation clause in question without a knowledge of its contents. Counsel also called as witnesses three persons, only one of whom, however, was present at the time of the alleged execution of the instrument. The testimony of this witness contradicts that of the attesting witnesses and is to the effect that all of the statutory formalities were observed and that the alleged testator was competent, of full age and free from undue influence, restraint or duress. While not a beneficiary under the will itself, this witness is the grantee named in a deed made by the decedent a few days prior to the execution of the document in question conveying certain real estate which is referred to in the alleged will and which constitutes the bulk of the decedent's property; and he is the person who produced the will at the bedside of the decedent and guided his hand.

While it is undoubtedly true, as contended by counsel for proponent, that the due execution of the propounded document may be shown by witnesses other than the attesting witnesses and that such an instrument may be admitted to probate even against the testimony of all the attesting witnesses (Code Civ. Pro., § 2612; Trustees of Auburn Theological Seminary v. Calhoun, 25 N. Y. 422; Tarrant v. Ware, in note to above case, 25 id. 425; Matter of Cottrell, 95 id. 329), the burden of establishing its execution with the formalities required by law and by a competent testator remains upon the proponent. (See Matter of King, 89 Misc. Rep. 638, and cases cited.)

The special guardian appointed for unknown persons has, since the close of the examination of the witnesses, filed his report in which he urges that the instrument be not admitted to probate. As a rule the testimony of witnesses other than attesting witnesses is not entitled to the same weight as that given to the latter. (Matter of Higgins, 94 N. Y. 554.) I see no special reason which in the light of all the circumstances surrounding the alleged execution of this instrument should impel me to give more weight to the one witness who testifies to its proper execution, than to the two attesting witnesses who testified to the contrary.

The objections which had been filed prior to the taking of proofs were all withdrawn so that the matter proceeded before me as an uncontested probate and considerable latitude was allowed to the proponent. Notwithstanding that fact, however, he has in my opinion failed to sustain the burden that is upon him.

It follows that probate must be refused and it will be so decreed.

Probate denied.