1. **WILLS** ⬤⟿289—PROBATE—EVIDENCE—BURDEN OF PROOF.
   Although, under Code Civ. Proc. § 2612, permitting probate of a will upon proof of the handwriting of testator and subscribing witnesses and of other sufficient circumstances, even if a subscribing witness testifies against its execution, the due execution of a will may be shown by witness other than attesting witnesses, and it may be admitted to probate, even against the testimony of all the attesting witnesses, yet the burden of establishing its execution with formalities required by law and by a competent testator remains upon the proponent.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 653–661; Dec. Dig. ⬤⟿289.]

2. **WILLS** ⬤⟿303(6)—PROBATE—EVIDENCE—WEIGHT—ATTESTING WITNESSES.
   Generally the testimony of witnesses other than attesting witnesses is not entitled to the same weight as that given to the latter.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 722; Dec. Dig. ⬤⟿303(6).]

3. **WILLS** ⬤⟿302(1)—PROBATE—EVIDENCE—WEIGHT—EXECUTION.
   In proceedings to probate a will, the sworn testimony of the two attesting witnesses that, at the time when the offered instrument was executed, deceased was unconscious, and that his cross-mark was made by another, who guided his hand, contradicted by only one witness, who was the person who, shortly before the death, was the grantee of the bulk of decedent's property, and who produced the will at the bedside and guided deceased's hand, *held* to require refusal of probate.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 700, 703, 710; Dec. Dig. ⬤⟿302(1).]

Proceeding to probate an alleged will of Joseph Christoffel. Probate refused.

Thomas N. Cuthbert, of New York City, for proponent.
Warren McConihe, of New York City, for contestants.
Arthur A. Henning, of New York City, special guardian, for unknown parties.

SCHULZ, S. The attesting witnesses in this matter swear positively that the decedent, at the time when the alleged will is said to have been executed, was unconscious; that he did not declare the instrument to be his will; that he did not ask them to act as witnesses; that the cross-mark which appears in lieu of his signature was made after

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a pen had been placed in his hand by another, who was present at the time; and that the latter took the hand of the decedent in his and guided it in making such mark. Their testimony is in direct contradiction with the statements contained in the attestation clause, which they subscribed. Their explanation of this fact is that they did not know what was in the attestation clause when they signed it, and that they signed the document because they thought that all of the property of the decedent was, under its terms, to go to two girls who had lived· with the decedent and his wife practically in the relation of parent and child; this being the disposition which the decedent on some prior occasion had told them he wished to make of his property. The attesting witnesses are foreigners, unfamiliar with the requirements of the execution of a valid last will and testament, and up to this time, perhaps, were not impressed with the importance and solemnity of the act of attestation. These facts might readily account for the signing of the attestation clause in question without a knowledge of its contents.

[1] Counsel also called as witnesses three persons, only one of whom, however, was present at the time of the alleged execution of the instrument. The testimony of this witness contradicts that of the attesting witnesses, and is to the effect that all of the statutory formalities were observed and that the alleged testator was competent, of full age, and free from undue influence, restraint, or duress. While not a beneficiary under the will itself, this witness is the grantee named in a deed made by the decedent a few days prior to the execution of the document in question, conveying certain real estate which is referred to in the alleged will, and which constitutes the bulk of the decedent's property, and he is the person who produced the will at the bedside of the decedent and guided his hand. While it is undoubtedly true, as contended by counsel for proponent, that the due execution of the propounded document may be shown by witnesses other than the attesting witnesses, and that such an instrument may be admitted to probate even against the testimony of all the attesting witnesses (Code Civ. Proc. § 2612; Trustees of Auburn Theological Seminary v. Calhoun, 25 N. Y. 422; Tarrant v. Ware, in note to above case, 25 N. Y. 425; Matter of Will of Cottrell, 95 N. Y. 329), the burden of establishing its execution with the formalities required by law and by a competent testator remains upon the proponent. See Matter of King, 89 Misc. Rep. 638, 154 N. Y. Supp. 238, and cases cited. The special guardian appointed for unknown persons has, since the close of the examination of the witnesses, filed his report, in which he urges that the instrument be not admitted to probate.

[2, 3] As a rule the testimony of witnesses other than attesting witnesses is not entitled to the same weight as that given to the latter. Matter of Higgins, 94 N. Y. 554. I see no special reason which, in the light of all the circumstances surrounding the alleged execution of this instrument, should impel me to give more weight to the one witness who testifies to its proper execution than to the two attesting witnesses who testified to the contrary. The objections which had been filed prior to the taking of proofs were all withdrawn, so that the mat-

ter proceeded before me as an uncontested probate, and considerable latitude was allowed to the proponent. Notwithstanding that fact, however, he has, in my opinion, failed to sustain the burden that is upon him.

It follows that probate must be refused, and it will be so decreed.