Matter of Proving the Last Will and Testament of HARMON VAN BENSCHOTEN, Deceased.

(Surrogate's Court, Columbia County, December, 1918.)

Wills — subscribing witnesses — evidence — when probate of a holographic will decreed.

Where upon the contested probate of a holographic will having no attestation clause, one of the subscribing witnesses testifies that testator came to the witness and her mother, the other subscribing witness, in their home, with the paper which he said was his will, already signed by him and asked them to sign it, which they did, that the paper was laid out flat when they signed it and there was proof that the other subscribing witness, now dead, at the time she signed was able by the aid of glasses to read, probate will be decreed though the will substantially disinherits the only child of the testator.

PROCEEDING upon the probate of a will.

Misc.]    Surrogate's Court, Columbia County, December, 1918.

John L. Crandall, for petitioner.

James F. Riley, for contestant.

WHITBECK, S.   This is a contested probate.   The contestant withdraws demand for jury trial and consents to the submission of all questions to the surrogate.   It appears from the evidence that the will is holographic.   It has no attestation clause.   Directly and about an inch under the signature of the testator appears the signature of the witness Emeline Jeffers and directly beneath her signature appears the signature of the other witness Etta Jeffers.

The witness Etta Jeffers testified that on the occasion when she signed her name to the instrument offered for probate the testator, who was then living in the same house with the witness and with the witness's mother Emeline Jeffers, came to the witness and to her mother in their home with the paper which he said was his will and asked witness and her said mother to sign it; that witness and her mother thereupon did sign it, both at the same time. Witness testified very positively that the will was already signed by the testator upon this occasion, and that she then and there saw his signature.

She testified further that the paper was laid out flat at the time of the signing by these witnesses and was not folded.   It appears from the testimony that the other subscribing witness, Emeline Jeffers, who is now dead, was at the time of the alleged publication of the will able by the use of glasses to read, and was a great reader of books, magazines and newspapers, and kept up with the news of the day.

It is the contention of the contestant that there is not sufficient evidence of proper execution, and he

Surrogate's Court, Columbia County, December, 1918.     [Vol. 105.

emphasizes especially a failure of the petitioner to present direct proof that the witness Emeline Jeffers saw the testator's signature to the paper at the time when she affixed hers to it.

It is clear beyond discussion that all the other neces- sary elements have been fully established. The only remaining consideration therefore is whether, from the circumstances surrounding the alleged publication of this paper as a will and from an actual physical examination of the paper itself, it should or should not be found that the witness Emeline Jeffers must have and did see the signature of the testator to the instrument. This will substantially disinherits the only child of the testator, and I have for this, as for other reasons, given the question raised greater con- sideration than might seem necessary in the circum- stances connected with the execution of this will as shown by the proof submitted by the proponent and not contradicted by the contestant. In short, even though the will and the circumstances connected with its execution bear all the indicia of genuineness, yet, for the reasons above assigned, if any statutory ele- ment is missing the contestant is entitled to a just and fair presentation of the point and a thorough con- sideration of it by this court. I have examined a great many cases where the facts are similar or nearly similar to the case at bar, but few which touch on the identical point now under consideration. The case, however, of *Matter of McDougall,* 87 Hun, 349, was a case in which the publication of the signature and the will was complete as to one of the subscribing wit- nesses, but in which the surrogate found that the other witness had not seen the signature of the testator. The General Term sent the case back to the surrogate for a rehearing apparently for the reasons as stated

— one that the testimony of the witness was not entirely clear as to whether or not he had seen the signature of the testator, and for the further reason that " the position of the signature upon the instrument shows conclusively   *   *   *   that he did see the signature of the testatrix." In that case, as in the one at bar, the signature of the witness was on the line below testator's signature and there was no fold in the paper near either signature, and as is stated in that case, so it is in the one at bar " it was an utter impossibility for him to sign his name without seeing her signature." In *Matter of Marley*, 140 App. Div. 826, the court says: " The testimony of the witness Buchman, therefore, made a *prima facie* case entitling the will to be admitted to probate, providing it can be assumed from the surrounding facts and circumstances that there was a publication of the instrument as to the other witness Marley, and a request that he sign as a subscribing witness. If the witness Marley were dead, there would be no difficulty in assuming that the formalities of the statute were complied with so far as he was concerned."

It is true there was an attestation clause but it did not correctly state the facts attending the publication of the will.

To the same general effect are *Matter of Stockwell,* 17 Misc. Rep. 108; *Matter of Bassett,* 84 id. 656; *Matter of Carll,* 38 id. 471; *Matter of Look,* 26 N. Y. St. Repr. 746; *Matter of Abel,* 63 Misc. Rep. 169; *Matter of Rosenthal,* 100 id. 84.

In discussing the clear rule which is deducible from these cases that " if a witness could see, then legally he did see " contestant urges that the facts in all these cases disclose that the testator had made to at least one of the witnesses some express acknowledgment of

his signature, and that the above-quoted rule is not therefore fairly applicable to this case. Though the distinction is an extremely fine one, I find that in at least two of these cases (*Matter of Stockwell, supra; Matter of Bassett, supra*), this distinction cannot be made, nor do I believe that it would in any event make the rule inapplicable to this case.

It is said in *Matter of Turell*, 166 N. Y. 337: " The atmosphere of a testamentary instrument, wholly in the handwriting of the testator, is such, as, naturally, to dispose the judicial mind to accept it as his will with less strictness in the proof of a compliance with statutory formalities."

Upon the weight of these authorities this will must be admitted to probate. I am satisfied with the genuineness of the paper offered for probate in this proceeding as the will of decedent, and with the validity of its execution. It appears to me that this will was duly executed; that the testator at the time of executing it was in all respects competent to make a will and not under restraint.

I accordingly direct that it be admitted to probate as a will valid to pass real and personal property.

Probate decreed.