In the Matter of the Probate of the Will of BARNARD GEORGE PARKER, Deceased.

Surrogate's Court, St. Lawrence County, September 23, 1927.

**Wills — execution — evidence shows that will was executed in compliance with Decedent Estate Law, § 21.**

The contention by the contestant in this proceeding that the will of the decedent was not executed in compliance with the requirements of section 21 of the Decedent Estate Law is not sustained by the evidence. The evidence by the subscribing witnesses is to the effect that the testator asked the two witnesses to witness the will; that he apparently signed the will while his back was turned toward the subscribing witnesses; that one of the witnesses testified that he saw the signature of the testator on the will and the other did not recollect whether or not the testator's signature was on the will when he signed as a witness; that the testator did state that the will was his will and did request the witnesses to sign the will as such, and that they did sign in the presence of the testator and in the presence of each other.

Even though the testator may have signed the will prior to meeting the witnesses and produced it before the witnesses after he had signed it, still there was a sufficient publication, since it appears that the testator did produce the instrument, did declare it to be his last will and testament and did request the witnesses to sign it as such. Under the circumstances this was sufficient to constitute a subscription, publication and acknowledgment within the meaning of the statute.

APPLICATION for probate of will.

*James C. Dolan,* for the proponent.

*Hale, Hale & Hale [Oscar M. Bate* and *Robert L. Loeb* of counsel], for the contestant.

CHANEY, S. Barnard George Parker departed this life February 11, 1927, leaving a last will and testament, being at the time of his death a resident of the village of Gouverneur, St. Lawrence county.

On February 18, 1927, a petition for the probate of his will was duly filed, the widow, Dora L. Parker, being the petitioner. The petition stated that Helen I. Parker, a sister of decedent, of Gouverneur, N. Y., was the only heir at law and next of kin. A citation was accordingly issued out of the Surrogate's Court directed to her; this citation was returnable February 28, 1927. On said date, no one opposing the probate of the will, the witnesses appeared and testified in open court as to the execution of the will; and upon

Surrogate's Court, St. Lawrence County, September, 1927.    [Vol. 130

their testimony the will was admitted to probate and letters testamentary issued thereon to said Dora L. Parker, the executrix named in the will.

Thereafter and on May 5, 1927, George Waller Parker, the contestant herein, filed in said surrogate's office a duly verified petition stating that he was the son and only child and heir at law of said Barnard George Parker, and asking for an order revoking the probate of said will and canceling letters testamentary issued thereon. A citation was accordingly issued, requiring said Dora L. Parker to show cause why the petition of said George Waller Parker should not be granted. That citation was returnable May 16, 1927. On the return of that citation, and by virtue of a stipulation entered into between the parties, an order was made revoking the probate of February 28, 1927, as to said George Waller Parker and directing that said instrument, purporting to be the last will and testament of said Barnard George Parker, be probated *de novo* as to said George Waller Parker, and that the letters testamentary be also revoked. Thereupon said George Waller Parker appeared in person and by counsel, and filed written objections to the probate of said will. While the written objections set forth several reasons why said will should not be admitted to probate, all such objections were waived or abandoned by the contestant, with the exception of one; and the contestant now objects to the probate of said will on the ground that it was not executed in accordance with the provisions of section 21 of the Decedent Estate Law of the State of New York.

Two witnesses were sworn as to the execution of the will, namely, George W. Evans and John M. Draper.

The witness Evans testified in substance that he had known the decedent for a long term of years; he was assistant cashier of the Bank of Gouverneur and was familiar with and knew his handwriting and his signature; that on the day of the date of said will he met the decedent on the street and went with him to the office of the Gouverneur Savings and Loan Association. On the way over decedent told him that he had made a will and requested him to be one of the witnesses. After reaching the office of the loan association decedent stated there in the presence of Mr. Evans and of John M. Draper, the other witness, that he had made a will and that he wanted Mr. Evans and Mr. Draper to sign it as witnesses; that the decedent had then and there a paper which he said was his will; that decedent stepped up to the window, in front of which was a desk, laid the paper out on the counter and bent over it and signed it and stepped back after he had signed this will and asked Mr. Draper and Mr. Evans to sign it; that

Mr. Draper then and there signed the paper in the presence of decedent and Mr. Evans; that Mr. Evans immediately thereafter signed the paper in the presence of the decedent and Mr. Draper; that he (Evans) saw the signature of decedent on said paper and recognized it before he signed his name as a witness; that under said signature of decedent was the usual attestation clause and at the foot of that clause he signed his name immediately below the signature of Mr. Draper. The witness Evans further testified that the decedent stated in the presence of Mr. Evans and Mr. Draper that he had his other will there, which had been drawn many years before, and that he guessed he had better destroy it; that he showed Mr. Draper and Mr. Evans the date on the old will and the names of the witnesses on it.

On cross-examination the witness Evans testified that he did not actually see the decedent write his name; that decedent was standing at the desk, bending over as if writing, and after that decedent stated that the paper on the desk was his will and was ready for the witnesses to sign, or words similar to that.

He further testified that the paper offered for probate was the same paper executed in the Gouverneur Savings and Loan Association office on the 20th day of January, 1927, and in the manner above stated.

The witness Draper stated that he was employed by the Gouverneur Savings and Loan Association, and that he had known Barnard George Parker for many years, and that he had seen testator write and knew his handwriting and his signature; that on the day of the date of said will the decedent and Mr. Evans came into the office of said association; that decedent then and there stated in the presence of both witnesses that he had made a new will and requested Mr. Evans and Mr. Draper to sign it as witnesses; that he then and there exhibited to the witnesses the will in question, which is the one offered here for probate, stating that it was his last will and testament; that he proceeded to lay said paper down on the counter, and that after decedent stated that said instrument was his will for witnesses to sign, he picked up a pen and signed it and then handed the pen over his shoulder to Mr. Evans, the other witness; that he signed as a witness at the foot of the attestation clause and in the presence of the decedent and Mr. Evans. He further states that decedent after he had placed the instrument on the desk leaned over apparently in the position of writing.

On cross-examination this witness stated that he did not see Mr. Parker sign his name to said instrument; also that he does not remember whether he saw the decedent's signature on the instrument when he signed it as a witness. He states that the signature

of decedent might have been there and in plain and open view and that he might have seen it, but that at present he has no recollection of seeing it.

It is the contention of the contestant that under subdivision 2 of section 21 of the Decedent Estate Law the testator must sign his name in the presence of each of the attesting witnesses; or, if not so made, that the testator must point out his signature and acknowledge it to be his to each of the attesting witnesses.

This is a holographic will; that is, it was drawn on a blank form containing the usual attestation clause, and all of the written matter was in the handwriting of the testator excepting the signatures and residences of the two witnesses. It appears, as matter of fact, that the will was signed by the testator at the time he acknowledged it to be his will and when he requested the witnesses to sign it. He signed said instrument either before going to the loan association office on that day, or immediately after going into said office and before the witnesses signed. It further appears as matter of fact, that the instrument in question was laid on the counter for the witnesses to sign; and there is no reason given in the evidence why the signature of the testator was not open and visible to the witnesses. The witness Evans states that he did see and recognize it. The witness Draper states that he does not recall whether or not he saw it. While the testator did not point out his signature to the witnesses and acknowledge it as such, he did acknowledge the whole instrument as signed by him to be his will. I think from the testimony of the witness Evans it would be fair to assume that the testator signed said instrument at the office of said loan association and in the presence of both witnesses. The statute requires that the subscription shall be made by the testator in the presence of each of the attesting witnesses. Technically this provision has been complied with.

If the paper was signed by the testator in the presence of the witnesses, the act constituted a sufficient compliance with the statute as to acknowledgment of his signature; and especially would this be true where, as in this case, the testator at the same time declared the instrument so subscribed to be his will and stated to the witnesses that it was ready for them to sign and requested them to so sign as witnesses. (*Matter of Hunt*, 110 N. Y. 278, 281.)

Even if it be determined as matter of fact that the testator subscribed this instrument prior to the meeting with the witnesses at the office of the loan association, and later produced before the witnesses that instrument so subscribed by him, and declared it to be his last will and testament, and requested the witnesses to attest it, this was sufficient to constitute a subscription, publication and acknowledgment within the meaning of the statute. (*Matter*

MATTER OF LAVANBURG. 551

Misc. 551]    Surrogate's Court, New York County, August, 1927.

*of Hunt*, 110 N. Y. 278; *Baskin* v. *Baskin*, 36 id. 416; *Matter of Phillips*, 98 id. 267; *Matter of Akers*, 74 App. Div. 461, 464; affd., 173 N. Y. 620.)

The opinion in *Matter of Akers* (74 App. Div. 461, 464) seems to provide the law for this case. In that case the witnesses both signed as such in the presence of the testator and of each other and at the request of the testator. One witness saw the signature of the testator; the other witness was not able to state whether he saw the signature of the testator. It was held that there was a substantial compliance with subdivision 2 of section 21 of the Decedent Estate Law. The surrogate admitted the will to probate, and his decree was affirmed by the Appellate Division and the Court of Appeals.

Where the testimony of the attesting witnesses, or one of them, leaves the court in doubt as to just what happened at the time of the execution of the will, the existence of the usual attestation clause setting forth what transpired, signed by the witnesses, is sufficient to satisfy the court that all requirements of the statute have been complied with. (*Matter of Van Benschoten*, 105 Misc. 332; *Matter of Marley*, 140 App. Div. 823, which is a decision by the Appellate Division in this department; *Matter of Bassett*, 84 Misc. 656, decision made by Surrogate CARTER of Lewis county; *Matter of Clarke*, 167 N. Y. Supp. 161, decision by Surrogate HART of Erie county; *Matter of Baldwin*, 216 App. Div. 111; affd., 243 N. Y. 646; *Matter of Acres*, 128 Misc. 254, decision by Surrogate HARRINGTON of Clinton county.)

Under the provisions of section 142 of the Surrogate's Court Act (formerly section 2612 of the Code of Civil Procedure), a will may be established by common-law proof. (*Matter of Winne*, 107 Misc. 398, opinion by Surrogate STALEY of Albany county; affd., 205 App. Div. 860.)

From the circumstances attending the execution of the will in question, and in view of the decisions above mentioned, I have decided to admit the will to probate. A decree to that effect may be submitted.