In the Matter of the Application of CLYDE W. CARTER to Restrain the Board of Elections, etc.

Supreme Court, Kings Special Term, September, 1922.

**Elections — designating petition — sufficiency of statement that candidate has been communicated with — Election Law, § 135.**

The statement in designating petitions that the person therein named as a candidate for congress had been communicated with, and had consented to be

designated for said office, is sufficient without stating the method of such communication.

An application for an order restraining the board of elections from printing the name of said designee upon the ground that the petition did not comply with section 135 of the Election Law will be denied.

APPLICATION for mandamus.

*George A. Arkwright,* for petitioner.

*A. I. Nova,* for Loring M. Black, Jr.

LEWIS, J. This is an application to restrain the board of elections from printing the name of Loring M. Black, Jr., as a candidate for congress, upon the ground that the designating petitions do not comply with section 135 of the Election Law.

The section, after setting forth that the designating petition shall be " in substantially the following form," provides: " Appended to the petition and filed therewith, shall be the affidavit of one of the signers to the petition, or of a member of the committee to fill vacancies, that he communicated personally or by mail or by telephone or telegraph, as the case may be, with the person designated for the office or party position and that such person then expressly consented to be designated for such office or position; and such an affidavit shall be so appended and filed as to each candidate named in the petition."

The designating petition had appended an affidavit stating " that I have communicated with the persons designated for public office as provided in section 135 of the Election Law, and that such persons expressly consented to be designated for such public office." It is undisputed that in fact communication was had and consent of the designee obtained.

It is now urged that the failure to state in what way the communication was had renders the petition defective. This section was undoubtedly framed to prevent the abuse which had existed in naming persons for public office without obtaining their consent. The omission to state the method of communication may be and should be disregarded in the interests of justice under the provisions of the Election Law. The statement that the candidate or designee had been communicated with and had consented seems a sufficient compliance. It is not such a substantial or vital omission which would justify the rejection of the petition.

Application denied.

Ordered accordingly.