In the Matter of Proving the Last Will and Testament of EUGENIA B. RAND, Deceased.

Surrogate's Court, Nassau County, April, 1923.

**Wills — execution — failure of testatrix to sign instrument — when subsequent codicils fall.**

At the request of testatrix who had on February 5, 1912, duly executed her will and on June 1, 1913, a codicil thereto, her attorney on August 2, 1918, prepared a new will which as alleged was on that day at the home of the attorney executed by testatrix in his presence and that of his wife, a cook and a gardener. The attorney is dead and while the recollection of the others in attendance at the execution of the paper was clear that all legal formalities were fulfilled, yet when four years later the paper was presented for probate it was found that the paper although sealed in an envelope and marked in the handwriting of the testatrix "Last Will and Testament of Eugenia B. Rand," had not been signed by her. In three codicils subsequently executed by testatrix she identified the paper of August 2, 1918, as her last will and testament. *Held,* that the paper of August second was not a valid will and that the first and second codicils thereto being so bound up and dependent upon it must fall with it.

The will of 1912, the codicil thereto, and the last codicil to the paper of August 2, 1918, being a testamentary document that could stand alone, will be admitted to probate and the other papers denied probate.

The doctrine of incorporation of existing writings does not include unsigned memoranda.

PROBATE proceeding.

*Alexander & Keenan,* for Albert Francke and Marion Francke, petitioners.

*Pierce & Greer,* for Margery Rand Clinton and Eugenia Rand Smith.

*Stewart & Shearer,* for United States Trust Company. ·

*William P. Preble,* for Grace Preble and Helen Crocker.

*Merrill, Rogers & Terry,* for Payson McL. Merrill, one of the executors.

*George F. Lewis,* special guardian for Erving H. Rand, incompetent, and George Curtis Rand and Alice Rand, infants.

*Douglass C. Lawrence,* special guardian for Payson McL. Merrill, Jr., Marion Merrill and Lawrence B. Rand, infants.

*Wilmot Y. Hallock,* special guardian for Sarah Blanchard Rand, Erving Hascall Rand, Jr., and William Verser Rand, infants.

HOWELL, S. Albert Francke has petitioned the court for the probate of the last will and testament of Eugenia B. Rand. In

the application are included six instruments in writing, respectively bearing date February 5, 1912, June 1, 1913, August 2, 1918, May 29, 1920, January 19, 1922, and April 15, 1922, relating to both real and personal property.

The witnesses to all of the instruments have been examined and no question is raised as to the mental capacity or the formalities of execution except as to the instrument bearing date August 2, 1918.

The facts as to the instrument under date of August 2, 1918, may be set forth as follows: Eugenia B. Rand requested her attorney to prepare a new will. The will was prepared and the testatrix, Eugenia B. Rand, attended at the home of her attorney and in the presence of the attorney, his wife, a cook and a gardener it is alleged that the paper was executed. The attorney is now dead but the recollection of the others in attendance is clear that all legal formalities were fulfilled.

Four years later, when presented for probate, it is found that the paper, although sealed in an envelope and marked in the handwriting of the testatrix " Last Will and Testament of Eugenia B. Rand," is unsigned by her.

The subsequent instruments are codicils to this unsigned paper.

Notwithstanding the lack of signature the paper is urged by certain of the parties in interest as a good and valid will.

Other parties in interest object to the probate and contend that the instrument under date of February 5, 1912, is the only valid testamentary disposition with its codicil of June 1, 1913.

Certain other of the parties in interest contend that the three codicils of the 1918 paper are valid while others contend that only the third codicil of the 1918 paper should be admitted, while others contend that only the last codicil to the 1918 paper is valid.

The attorneys for proponent set forth clearly, I think, the questions raised in the probate proceedings:

Should the will of August 2, 1918, be admitted to probate?

If probate is granted to the alleged will of August 2, 1918, the following questions must be decided:

*First.* Should the three codicils to the will of August 2, 1918, be admitted to probate?

If probate of the will of August 2, 1918, is refused then the following questions arise:

*First.* Should the first and second codicils to the will of August 2, 1918, be admitted to probate?

*Second.* Should the third codicil to the will of August 2, 1918, be admitted to probate?

*Third.* Should the will of February 5, 1912, and the codicil of June 1, 1913, be admitted to probate?

I am asked to prove the unsigned paper of August 2, 1918, as the last will and testament. It is argued that from all the facts it can be safely said to be such an instrument. The witnesses are all highly respectable and above suspicion of fraud and they are of one belief that they saw Eugenia B. Rand actually sign the paper. The testatrix apparently believed that she had duly executed a last will and testament because she placed it in a sealed envelope marked in her hand as such and three times identified it as her last will and testament in three subsequent codicils.

Stress is laid on the meaning of the statute where it is prescribed that the testatrix must subscribe and the witnesses must sign.

I will admit that on all the facts the case presents a most favorable opportunity for a liberal construction of the one qualification of the statute that has not as yet been very broadly treated by the courts, but I cannot bring myself to a conclusion that the legislature ever intended or that it is wise to treat thus liberally the most vital qualification of due execution of a will. I reason beyond the distinction laid before me between subscription and signing and I fail to distinguish between such a mental subscription as this must be if it can be held to be a subscription and a declaration. Under the statute there must be more than a declaration and safety lies in the conclusion that the additional requirement must be in an act, a physical subscription, not a mental subscription. To find otherwise would set a precedent that would open the door to such possibilities of fraud that no estate would be safe against those who would grasp the opportunity. I cannot accept such a responsibility, neither can I agree with the contention that the codicils have put validity into the paper. I hold that the doctrine of incorporation of existing writings does not include unsigned memoranda.

The first and second codicils to this unsigned paper are so bound up in it and so dependent upon it that they must fall with it, but in the case of the so-called third or last codicil the situation is different. It seems to me that this is a testamentary document that can stand alone and as such testamentary document it should be probated with the 1912 will. The paper of August 2, 1918, fails to revoke the will of 1912, because it fails to establish itself as a valid testamentary document.

Therefore, I hold that the will of 1912 under date of February fifth and the codicil thereto under date of June 1, 1913, and the last testamentary document under date of April 15, 1922, should be admitted to probate and the other papers denied probate.

A decree may be submitted accordingly.

Decreed accordingly.