In the Matter of the Estate of ANNA ARCOWSKY, Deceased.

Surrogate's Court, Kings County, May 2, 1939.

*Cyrus S. Honig*, for the proponent, Abraham Arcowsky.

*Julius Hahn*, for the objectant.

WINGATE, S. The question here presented concerns the validity of execution of the will of this decedent. It is a typewritten document bearing an attestation clause. The only peculiarity discernible from its inspection is that on the line placed for the testatrix's signature appear two red ink impressions, obviously of fingerprints. Beneath this is written " Anna Arcowsky her name and her mark by two impressions of her right thumb."

Objections were initially filed, but have been dismissed by reason of the failure of the objector to appear for trial.

The depositions of both subscribing witnesses recite that the decedent subscribed the document " by making her mark thereon of two fingerprints."

Is this demonstration sufficient to warrant admission to probate?

Section 21 of the Decedent Estate Law requires that to be admissible the document " shall be subscribed by the testator at the end of the will."

The word " subscribe " is derived from the two Latin words *sub*, meaning " below " and *scribo*, signifying " to write." To subscribe accordingly is defined by the Standard Dictionary as " to write below a documentary statement."

The statute does not prescribe the variety of writing which shall be placed by the testator at the end of the will, nor the manner in which the act shall be performed, wherefore it appears obvious that any visible indication of adoption, placed on the instrument by the testator, is a sufficient compliance with this phase of the statutory requirements for due execution if the particular testator intends it as a demonstration of his acceptance of the document (*Matter of Irving*, 153 App. Div. 728, 729; affd., 207 N. Y. 765), and this is so whether such indication is a cross-mark (*Jackson v. Jackson*, 39 N. Y. 153, 159) or any other sign or symbol (*Matter of Beneventano*, 38 Misc. 272, 274; *Matter of Romaniw*, 163 id. 481, 488) which he may chance to have selected.

As a strict matter of fact, it is obvious that a subscription by fingerprints is much more individual and reliable than one by mere cross-mark, which has uniformly been sustained. (*Jackson v. Jackson*, 39 N. Y. 153, 159; *Matter of Caffrey*, 174 App. Div. 398, 401; affd., 221 N. Y. 486; *Matter of Corcoran*, 145 App. Div. 129, 132; *Matter of Murphy*, 15 Misc. 208, 211; *Matter of Kane*, 2 Con. Sur. 249, 253; *Matter of Golicki*, 116 Misc. 100, 104.)

The document will be admitted to probate.

Enter decree on notice in conformity herewith.