In the Matter of the Probate of the Will of WILLIAM D. McALLISTER, Deceased.

Surrogate's Court, Kings County, May 10, 1955.

*Walter & Tepper* for Maureen Powell, proponent.

*Arnold A. Levin* for Josephine O. McAllister, contestant.

*Eugene Victor,* special guardian.

Moss, S.  In this contested probate proceeding the propounded instrument is in the form of a letter dated January 20, 1953, written and signed by decedent, a United States marine, to his sister, the proponent, while decedent was stationed at Camp

Pendleton, California. He was killed in action in Korea on March 18, 1953, not quite nineteen years old, survived by the proponent, his mother who is the contestant and his father who disappeared in 1942, and appears by his special guardian. In the letter, after acknowledging receipt of a letter from his sister, decedent wrote that he was leaving the following day " for the land of the rising sun (drawing of sun) and from there to * * * You get $10,000 if I ride with the Prince of Darkness (drawing of skull) and my Deah Deah mater get it if you ride also plus if I'm a guest of Red China you get 100% of my pay." The balance of the letter is immaterial except for three portions. There is a direction for a somewhat cynical epitaph, a request not to tell his mother of the sister " getting $10 grand " and a gift to her husband of " my .45 only if I don't com back," by which it is assumed he meant his army weapon.

The contestant objects to probate upon the following grounds: (1) that the instrument is not decedent's last will and testament because (a) it was not duly executed and witnessed as required by law and (b) it was not intended to be a will and shows no testamentary intent or volition; (2) that decedent left no estate to be administered or subject to the jurisdiction of this court; and (3) that proponent is not entitled to letters in preference to contestant. The issues raised were submitted to the Surrogate at the trial upon stipulated facts, oral argument and memoranda of counsel.

First, as to execution, it may be noted that the instrument was executed in California where the statute authorizes the probate of holographic wills if " entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed " (Cal. Probate Code, §§ 50, 53). Since the instrument complies with these simple requirements and is " subscribed " by decedent, it may be admitted to probate under sections 22-a and 23 of the Decedent Estate Law (*Matter of Marques*, 123 N. Y. S. 2d 877; *Matter of Wizelholc*, 176 Misc. 100), unless it lacks testamentary character as contended by the contestant.

Counsel however have made no reference to the question of probate of a holographic will under the above sections. Their argument deals only with the admissibility of the instrument to probate pursuant to subdivision (2) of section 16 of the Decedent Estate Law, which provides for probate of a holographic will made by a soldier while in actual military service " when written entirely in the handwriting of the maker even though the same be unattested." Thus a soldier's holographic will

need not be subscribed or even signed; the only requirements are proof of his handwriting (Surrogate's Ct. Act, § 141) and the general requirement that the Surrogate must be satisfied with the genuineness of the will and the validity of its execution (Surrogate's Ct. Act, § 144). The decedent's competency and his handwriting are not questioned; and as the letter shows *animo testandi* (see *Matter of Thompson*, 191 Misc. 109, and *Matter of Krup*, 173 Misc. 632) it constitutes a testamentary instrument. This is so regardless of the questions raised by contestant as to whether decedent had any assets to dispose of or subject to this court's jurisdiction, or whether he effectively disposed of any property by means of the instrument (*Matter of Davis*, 182 N. Y. 468), or had an opportunity to execute a formal will with the help of legal assistance officers in the army camp available to him, or was on " the eve of embarkation ", since there is no proof when he actually embarked for Japan or Korea. The relaxation of the formal requirements of a will in the case of a holographic instrument under section 16 of the Decedent Estate Law is invoked by the single factor of decedent's status of actual military service at the time he wrote the letter. The stipulated fact that his status was such is in accordance with the decision of the Court of Appeals that a soldier at an American training camp prior to embarkation is within that description (*Matter of Zaiac*, 162 Misc. 642, 655, and cases cited therein, mod. 255 App. Div. 709, mod. and revd. on other grounds 279 N. Y. 545). The latter case quoted at length by proponent's counsel and heavily relied upon by contestant's counsel is not directly in point. It deals with the question of nuncupative wills and was decided before the 1942 amendments to section 16 of Decedent Estate Law and section 141 of the Surrogate's Court Act (L. 1942, ch. 688), at which time if the will of a soldier in actual military service was written it had to be subscribed by two witnesses the same as any other written will, to be entitled to probate; and if nuncupative its execution and tenor had to be proved by two witnesses (*Matter of Mason*, 121 Misc. 142). It is only in the case of a soldier's nuncupative will that any importance is attached to the considerations argued by contestant's counsel and recited in *Matter of Zaiac* (162 Misc. 642, 654 (*supra*), relating to " eve of embarkation " and " the lack of reasonable time, opportunity, and means for putting the will into form and in writing." These elements have no bearing upon a soldier's holographic will made valid to pass both real and personal property by the 1942 amendment " even though the same be unattested " so long as it was written

entirely by him while in actual military service. The propounded instrument may therefore be admitted to probate as decedent's holographic will under subdivision (2) of section 16 as well as under sections 22-a and 23 of the Decedent Estate Law.

The remaining question is whether the instrument by its tenor nominates the proponent as executrix and, if not, who should receive letters of administration *c.t.a.* Counsel for the proponent argues that the direction for the epitaph clearly shows that decedent looked to his sister to carry out his wishes as to what should be done upon his death. He cites *Matter of Boyle* (191 Misc. 291), *Matter of Levine* (191 Misc. 284) and *Matter of Gorra* (135 Misc. 93), which applied the principle that a person charged in a will with any of the duties of an executor is deemed appointed as such by the tenor of the will even if not specifically nominated therein. The court therefore holds that proponent is entitled to letters testamentary by the tenor of the will. Proceed accordingly.