Maximilian Moss, S.
Found among the decedent’s effects was a New York law blank publisher’s printed four-page form of a last will and testament, which was apparently prepared in the decedent’s handwriting. His name, signed in ink, appears solely in the exordium (introductory) clause. After the printed direction for the payment of debts, bequests are given to several persons. The printed clause appointing an executor was filled out with the name and address of a designee. The testimonium clause, which follows, was not filled in nor were the names of decedent and the three witnesses inserted in the spaces provided below the testimonium clause for such signatures. The printed attestation clause was not filled in but the names and addresses of the three witnesses who gave Brooklyn addresses were written directly below that clause in the spaces provided.
The decedent died on September 7, 1948. One of the subscribing witnesses testified he and another person, whose present *513 whereabouts is unknown, signed as witnesses at least nine or more years ago in Brooklyn, New York, at the request of the decedent, in his presence and in the presence of each other; that both of said witnesses read the will before signing, but he did not remember the decedent stating that it was his will, and neither did the decedent sign his name in the exordium clause in his presence nor acknowledge it to be his signature. The third witness is dead.
The usage by decedent of a form printed by a New York stationer and the signing of that form by three witnesses who gave Brooklyn addresses lead to the inference that the said form was executed by the decedent within this State. Even if the missing witness were located and corroborated the testimony that he signed the propounded instrument in this State, and further testified that decedent signed his name in his presence or acknowledged his signature and declared the instrument to be his will, probate thereof would have to be denied upon the ground, among others, that it was not “ subscribed by the testator at the end of the will ” as required by subdivision 1 of section 21 of the Decedent Estate Law.
In Matter of Booth (127 N. Y. 109, 114) the court said, “ At common law, if a person wrote his name in the body of a will or contract with intent to execute it in that manner, the signature so written was as valid as though subscribed at the end of the instrument.” In that case, however, there was an absence of proof that the decedent signed her name in the body of the will with the intent to execute it as a will as required under the laws of New Jersey, wherefore probate in this State was denied. If the decedent herein in fact affixed his signature in the exordium clause in a State wherein that would constitute a valid execution and with the intent that it act as a will (see cases 29 A. L. R. 891), nevertheless this court would still be required to deny probate as the common-law rule with respect to the probate of foreign wills in this State was changed by chapter 294 of the Laws of 1919.
The Booth case was originally reported under the title of Booth v. Timoney (3 Dem. 416, 425) whereiti. the court observed that there was a technical distinction between the words ‘‘ sign ’’ and “ subscribe ” citing Davis v. Shields (26 Wend. 341, 352-358) and James v. Patten (6 N. Y. 9), which was recognized by the Legislature of this State when, in 1830, the Wills Act was placed upon the statute book. In the James v. Patten case (supra, pp. 13, 14) the court defined the meaning of the words “signed” and “ subscribed ” which latter word was defined by it to be “ limited to a signature at the end of a printed or *514 written instrument The court expressed the opinion that when the Legislature enacted the chapter relating to wills the requirement that the will be subscribed by the testator “ at the end of the will ’’ its usage of the latter phrase was from abundant and unnecessary caution. The word ‘‘ subscribe ” was similarly defined in Matter of Arcowsky (171 Misc. 41).
Section 2611 of the Code of Civil Procedure, which was enacted under chapter 178 of the Laws of 1880, was in effect when Matter of Booth (supra) was decided, and was thereafter amended by chapter 686 of the Laws of 1893, which was in turn succeeded by chapter 18 of the Laws of 1909 and, after eliminating some provisions not presently material, numbered section 23 of the Decedent Estate Law. That section was next changed by chapter 294 of the Laws of 1919, which added for the first time the requirement that a will to be proved, executed without the State, must be “ in writing and subscribed by the testator That same chapter also enacted section 22-a of the Decedent Estate Law, entitled “ Validity of wills executed without the state ’ ’ which was taken in part from the provisions of section 23 of the Decedent Estate Law as it existed before its amendment by the same chapter. That section also required that such a will be “ in writing and subscribed by the testator.”
It is apparent that the Legislature in enacting the present provisions of sections 22-a and 23 of the Decedent Estate Law, refrained from adding after the phrase ‘ ‘ in writing and subscribed by the testator ” the phrase, “ at the end of the will ” as is present in subdivision 1 of section 21 of the Decedent Estate Law in the light of the opinion expressed in James v. Patten (supra). While the word, “ subscribed ” as used in sections 22-a and 23 of the Decedent Estate Law has been construed to mean “ ‘ signed at the end ’ ” in the cases of Matter of Marques (123 N. Y. S. 2d 877, 880) and in Matter of McAllister (207 Misc. 884) both of those cases involved wills which were in fact signed by the testators at the end thereof. In the case of Matter of McCalip (119 N. Y. S. 2d 55) the decedent therein signed his name only in the body of the instrument, as did the decedent herein. In that case, which involved a will executed outside the State of New York, the court held there was- no statutory requirement that a will be signed at the end and admitted the instrument to probate, a conclusion which is not in accord with the requirements of sections 22-a and 23 of the Decedent Estate Law and the cases defining the word, “ subscribe.”
Upon all the testimony in this case, and giving effect to the most favorable construction of any testimony which might be *515 adduced from the missing witness were he located, or from any other possible source, the propounded instrument would be required to be denied probate as it is not subscribed at the end of the will by the decedent (Decedent Estate Law, §§ 21, 22-a, 23). Probate is therefore denied, as the Legislature undoubtedly intended that sections 22-a and 23 be construed in the same manner as section 21 of the Decedent Estate Law with respect to subscription at the end of the will (cf. Matter of Andrews, 162 N. Y. 1). Proceed accordingly.