Joseph A. Cox, S.
The instrument propounded by the Public Administrator of this county is alleged to have been executed on May 3,1949 at Glasgow, Scotland. The decedent died a resident of this county. The Surrogate is asked to grant probate under the provisions of sections 22-a and 23 of the Decedent Estate Law upon the submission of proof that the instrument was executed in Scotland in the mode prescribed by the laws of that country. The sole nominated executrix has renounced letters *626 testamentary. All necessary parties have executed waivers of citation and consent to probate and have renounced letters of administration c. t. a. in favor of petitioner.
The propounded instrument is pen-written. It bears no signature of the decedent. The proviso of the statute validating wills executed outside the State is that the instrument must be in writing and must be subscribed by the testator. The consents of the. parties will not of themselves serve as a basis for granting probate to a document which lacks the minimum statutory requirements (Matter of Kutzner, 173 Misc. 776). The last paragraph of the instrument states that it was ‘ ‘ Read over to and signed by me for and on behalf of the abovenamed Margaret Mclnally and by her authority, who declares that she is unable to write, all in her presence and in the presence of the witnesses hereto subscribing.” This text is followed by the date “ Third May 1949 ” and by the signature “ John Walsh, Solicitor, Glasgow.” The instrument also bears the signatures of two witnesses, their occupations and addresses.
Although the memorandum of the Public Administrator argues that the testimony taken by commission upon written interrogatories establishes that the instrument was executed in accordance with the laws of Scotland, an inspection of the deposition returned by the commissioner indicates the contrary. The attorney who prepared the will and supervised its execution quoted the applicable law of Scotland relating to subscription by an agent on behalf of a principal. The statute in question appears to make a distinction between deeds, instruments or writings, on the one hand, and wills or other testamentary writings, on the other. As to the latter, the deputy signing on behalf of testator must be a parish minister acting in his own parish, or his assistant or successor so acting. In the case of other instruments, the deputy who signs on behalf of the principal may be a law agent or notary public or a justice of the peace. It does not appear that the deputy who acted on behalf of the testatrix in the instant case is a parish minister or assistant or successor. Nevertheless, the attorney testified that the propounded instrument was properly executed according to the laws of Scotland and would be entitled to probate if presented to a court in Scotland.
However, irrespective of the statute validating wills executed outside the State, it may be possible to sustain the propounded writing as a document executed in accordance with section 21 of the Decedent Estate Law, which prescribes the formalities for the execution of a testamentary document under the laws of the State of New York.
*627 The requirement of the last-mentioned statute that the will be “ subscribed by the testator ” has not been given a strict or literal interpretation, that is, it is not always necessary that the subscription be by the testator in person. The law sanctions such acts of agency as the common law generally has deemed to be the practical equivalent of conduct on the part of the individual (1 Davids on New York Law of Wills, § 285). The testimony of the witnesses clearly establishes that the subscription of the name “ John Walsh ” was made for the account of the decedent and that the signature was adopted by the decedent as her signature to her will. Of course, if the witness had signed the decedent’s name instead of Ms own, there would be no question as to the propriety of the method of subscription (Decedent Estate Law, § 22). It affirmatively appears, however, that the signature of decedent in the form of the name of the witness was affixed by the witness in the presence of decedent, and by her direction, with the intention of making it the subscription of the decedent to the propounded instrument. Since the statute permits various substitutes for the name of the decedent when written or placed upon the instrument by decedent himself, such as a crossmark, a fingerprint or a fictitious name (Matter of Jacobs, 73 Misc. 162), there would appear to be no reason why the testatrix could not adopt the name of her deputy as her subscription (David v. Williamsburgh City Fire Ins. Co., 83 N. Y. 265, 268). There is no dispute as to the genuineness of the subscription, and it would seem, therefore, that no valid objection can be made to the form or mode of subscription adopted by the testatrix (General Construction Law, § 46).
The requirement of the subscription contemplated by section 44 of the Decedent Estate Law with respect to a foreign will disposing of real property located within this State received judicial interpretation by Surrogate Delehanty in Matter of Tassini (73 N. Y. S. 2d 904). In that case, too, the absence of the subscription of the testator was likewise explained in the will itself as being due to the physical disability of the testator. However, in that case the will did not contain the internal quality present here which reflected the agency between the attorney who drafted the will and the decedent. In the Tassini case the Surrogate held that the declaration in the instrument that it was the last will and testament of the testator and that the testator was unable to sign it due to illness, did not constitute an adoption by testator of any signature to the instrument as his own.
*628 The ultimate question is whether the act of the attorney in signing his own name to the will in place of the name of the testatrix constitutes an infirmity which infects the entire document. The alternative provided by section 21 of the Decedent Estate Law that the subscription of the testator may be acknowledged to the witnesses, seems to indicate that the policy of our statute is to permit any method of subscription by the testator which constitutes a visible indication of adoption physically written or placed on the instrument by the testator or his duly authorized agent with the intent to execute or authenticate the instrument (Matter of Rand, 120 Misc. 670; Matter of Beneventono, 38 Misc. 272; Matter of Arcowsky, 171 Misc. 41).
Of course, it must clearly appear that the adoption by the testator of the signature of another was his free and voluntary act, and that the act of the spokesman in affixing his signature to the instrument was at the specific direction of the testator that he do so as the agent of the testator. In this case the proof establishes that there cannot be the slightest question but that the will of the testatrix was not dominated by the spokesman or actor who assumed to act as the delegate of the testatrix in affixing the subscription of the latter. In all other respects the formalities of the execution of the propounded instrument were in substantial compliance with the requirements of section 21 of the Decedent Estate Law.
Decree signed, accordingly, admitting will to probate and granting letters of administration c. t. a. to the Public Administrator.