S. Samuel Di Falco, S.
This is a motion by the presently acting administrator to dismiss a proceeding for probate of the will. The will was filed and a petition for its admission to probate presented on March 18, 1959 about a year after letters of administration had been issued to the moving party. Objections to the probate of the will were filed shortly after the petition was presented. The objectants were persons who asserted a status as distributees. Seven years were allowed to elapse by the petitioner for probate and no further action was taken by any of the parties to that proceeding until the present motion was instituted.
The decedent died on January 21, 1958, a resident of this county. He had caused to be prepared a ‘ ‘ public will’ ’ in 1932 in Italy when he was a resident of that country. It is that will which was offered for probate and which is the subject of this motion.
The decedent was an illiterate, and, in a document which was drawn up apparently in accordance with his instructions by a notary in the Italian community in which he resided the following appears: “The party Giuseppe Tatone being illiterate is therefore unable to sign.”
*371 Section 22-a of the Decedent Estate Law provides as follows: “ Validity of wills executed without the state. A will executed without this state in the mode prescribed by the law, either of the place where executed or of the testator’s domicile, shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state, provided, such will is in writing and subscribed by the testator.” (Added by L. 1919, ch. 294, § 1, eff. May 3, 1919.)
Concededly the proviso that the propounded paper be subscribed by the testator was not complied with in this case although its effectiveness as a testamentary document in Italy might not be impaired thereby. The proponents seek to obviate the effect of this omission upon the authority of Matter of McInally (7 Misc 2d 625). In that case it was in fact held that the signature of the notary would suffice to take the place of the required subscription by the testator in the event it was shown internally by the instrument itself that he was illiterate and that he adopted viva voce the execution of the instrument by his duly chosen agent. The reference in Matter of McTnally to Mr. Surrogate Delehanty’s decision in Matter of Tassini (73 N. Y. S. 2d 904) illustrates the necessity for an internal adoption by the testator of his agent’s act. In Mclnally the instrument filed for probate provided as follows: ‘ ‘ Read over to and signed by me for and on behalf of the above named Margaret Mclnally and by her authority, who declares that she is unable to write, all in her presence and in the presence of the witnesses hereto subscribing.”
The absence of such a specific and unequivocal pronouncement of the testator’s intention was held sufficient by Mr. Surrogate Delehanty in Matter of Tassini (supra) to require denial of probate. It will be seen from reference to the quoted text in this will, that there was no specific adoption by the testator of the instrument prepared for him by the notary. There was further no act which complied satisfactorily with the conditions of the proviso of section 22-a of the Decedent Estate Law.
The motion to dismiss the petition for probate is, therefore, granted.