In the Matter of DAVID ARENS, Respondent, *v.* BEATRICE SHAINS-WIT et al., Appellants, and ARTHUR N. BROOK et al., Constituting the Committee to Fill Vacancies, et al., Respondents.

First Department, September 3, 1971.

*Seymour Shainswit* of counsel (*Kronish, Lieb, Shainswit, Weiner & Hellman,* attorneys), for Beatrice Shainswit, appellant.

*Lester Alan Baron* for Sondra R. Albert, appellant.

*Robert B. Brady* for respondent.

McNALLY, J. This is an appeal from a judgment invalidating the designation of appellant Beatrice Shainswit by the Liberal Party as a substituted candidate for the office of Judge of the Civil Court of the City of New York for the Ninth Municipal Court District. The appellant Beatrice Shainswit is the uncontested candidate of the Democratic Party for said judicial office. The petitioner David Arens is the uncontested candidate of the Republican Party for said judicial office.

The issue posed is whether the designation by the Liberal Party of the appellant as a substituted judicial designee proper in every particular be invalidated solely by reason of appellant's appended consent executed by her by means of a duly authorized attorney in fact. The learned Special Term invalidated the designation by reason thereof, holding the designation required a personal signature.

We hold this was error and we modify.

The record establishes the following: On July 28, 1971, a petition designating Lewis Kruger as a candidate for the Liberal Party nomination for the judgeship was filed with the Board of Elections. The designating petition contained a Committee to Fill Vacancies.

On August 3, 1971, Mr. Kruger declined the designation and filed his declination with the Board of Elections. The deadline for substituting a candidate was August 6, 1971.

Mr. Arens appeared before the Committee to Fill Vacancies for the purpose of petitioning the committee to designate him as the substituted candidate. His petition was not granted and on the deadline date, the Committee to Fill Vacancies designated Beatrice Shainswit as a substituted candidate. It was conceded in the proceedings that Mrs. Shainswit was in Europe on that date.

On August 6, 1971, the Committee to Fill Vacancies filed with the Board of Elections its certification that it had designated Beatrice Shainswit to fill the vacancy caused by the declination of Mr. Kruger. Appended to that certification and designation was the consent of Beatrice Shainswit to accept the said designation. The designation was signed '' Beatrice Shainswit, by Peter J. Mansbach, Attorney-in-Fact.''

The acceptance was duly acknowledged. The power of attorney and the acknowledgment were filed as part of Mrs. Shainswit's written consent with the Board of Elections and conferred upon Mr. Mansbach, as attorney in fact, the power to execute the written consent, and the written consent was in conformity with the power.

The power of attorney had been acknowledged and that acknowledgment had been incorporated in the written consent filed by the Committee to Fill Vacancies.

No objection to the designating petition or to the certificate designating a substitute judicial candidate was filed with the Board of Elections. This proceeding to invalidate the action was commenced by an order to show cause.

With reference to the threshold question raised as to jurisdiction, whether failure to serve all the members of the Committee to Fill Vacancies is a jurisdictional defect, we agree with the conclusions reached by Special Term that the fact all the members of the Committee to Fill Vacancies named in the designating petition were not served with process does not render the proceedings invalid since in the circumstances they were not necessary parties. (See *Matter of Roman* v. *Power,* 10 N Y 2d 793; *Matter of Manz* v. *Granger,* 17 A D 2d 719; *Matter of Kowal* v. *Dmochowski,* 14 A D 2d 665, affd. 10 N Y 2d 794.)

The Special Term referred to a Special Referee the issue of sufficient signatures and authenticating. His report to the effect that the challenges lacked merit was adopted by the court; we agree with this holding.

Special Term held the written consent was invalid since the appellant did not sign herself.

Subdivision 5 of section 140 of the Election Law reads as follows: "5. The certificate designating a person to fill a vacancy in a designation or nomination shall have appended thereto his written consent to be so designated or nominated, duly acknowledged."

It may be observed that in providing for consent, the Legislature makes no mention of an in-person signing, nor did it in terms call for a personal signature. The section does not set forth how the consent is to be made. It would appear that the question as to what constitutes a consent in the circumstances should be defined by the ordinary rules of common law. The exact question is apparently one of first impression.

We are mandated by section 330 of the Election Law to " make such order as justice may require ". A liberal construction of section 140 justifies the determination here. (See *Sullivan* v. *Power,* 24 A D 2d 709, affd. 16 N Y 2d 854.)

In *Matter of Erikson* (243 App. Div. 1, 4) holding that declination of a designation for a party position under section 138 of the Election Law must not only be signed by the candidate, but must also be acknowledged by him and the acknowledgment may not be made by a subscribing witness left this precise question open. " As to whether the acknowledgment may be made by a duly authorized agent of the candidate is a question not here presented and which we do not now decide. (See *Lowenstein* v. *Flauraud,* 11 Hun 399; affd., 82 N. Y. 494.) "

In *Lowenstein,* the statute in question provided that every assignment made by a debtor of his estate, in trust for creditors, shall be in writing and shall be duly acknowledged, and the certificate of such acknowledgment shall be duly indorsed upon such assignment. The issue was whether an assignment in trust for creditors, executed in the name of the debtor, by an attorney duly constituted for that purpose, and acknowledged by him, was valid.

The Court of Appeals unanimously affirmed the decision of the Appellate Division and upheld the validity of the instrument holding that " when a man has power as owner or principal to do any act or thing in his own right, he may do it by another " (p. 496). Further, " when exercised in conformity with the

power, the act of the attorney is in law the act of the principal ''
(p. 497).

Subdivision 5 of section 140 of the Election Law does not mandate that any written consent shall be executed by the designee in person. The section does not call for a personal signature. The section does not require written consent signed and acknowledged in person, nor written consent personally signed and acknowledged, nor written consent in person, nor written personal consent, nor does it state, as does subdivision 1 of section 139 of the Election Law, that a person designated as a candidate for election may in a certificate signed and acknowledged *by him* decline the designation or nomination (italics supplied).

The cases relied on by Special Term are inapposite. *Matter of Scott* v. *Curran* (277 App. Div. 344, affd. 301 N. Y. 693) presented an issue where no written consent of any kind had been appended to a certificate designating a substituted trustee. In *Matter of Ryan* v. *Cohen* (286 N. Y. 685) the certificate filed by the Committee to Fill Vacancies did not set forth the occupation of the substituted candidate as required by the statute. Hence, the certificate was held defective.

There are cases which point the way to our determination. In *Matter of McInally* (7 Misc 2d 625) a New York County Surrogate admitted a will to probate, although it was signed by an attorney who signed his own name to the will on behalf of the testatrix. The Decedent Estate Law requires a will be '' subscribed by the testator ''. In admitting the will to probate, the Surrogate stated that the law sanctions such acts of agency as the common law generally has deemed to be the practical equivalent of conduct on the part of the individual (p. 627).

In *Bismark* v. *Incorporated Vil. of Bayville* (21 A D 2d 797) a statute dealing with protests against a proposed zoning change required all protests be signed by the owners. The Appellate Division, Second Department, held that an attorney in fact, appointed by general power of attorney, who had submitted the protest and a copy of his power of attorney, satisfied the statute. Stating at page 798: '' for the purposes of the statute, the attorney's signature in behalf of the plaintiff is equivalent to the owner's signature and has the same efficacy ''.

In *Matter of Carter* (119 Misc. 258, 259, affd. 203 App. Div. 833) involving a provision of the Election Law which dealt with the subject of consent by a designee, Special Term held this section was framed to '' prevent the abuse which had existed in naming persons for public office without obtaining their consent,'' and the manner of consent is immaterial if in fact there is consent.

The General Obligations Law codifies as the public policy of this State that there be liberal use and judicial recognition of the efficacy of powers of attorney and further states that the general authority with respect to '' all other matter '' authorizes the agent to act as alter ego of the principal with respect to any and all possible matters and affairs. (General Obligations Law, §§ 5–1501, 1502 L.)

We hold that the act of Mrs. Shainswit in giving Mr. Mansbach the power of attorney does not pertain to a matter so peculiarly personal that delegation is forbidden.

Accordingly, the judgment should be modified, on the law, without costs and without disbursements, and it is directed that Beatrice Shainswit be designated as a substituted candidate of the Liberal Party.

STEVENS, P. J., CAPOZZOLI, KUPFERMAN and MURPHY, JR., JJ., concur.

Judgment unanimously modified, on the law, without costs and without disbursements, and it is directed that respondent-appellant Beatrice Shainswit be designated as a substituted candidate to be voted for in the Liberal Party Primary Election to be held on the 14th day of September, 1971, in and for the Ninth Municipal Court District, New York County, for the public office of Judge of the Civil Court of the City of New York.