OPINION OF THE COURT
George B. Ceresia, Jr., S.
In this uncontested probate proceeding, an issue has arisen *44 concerning the validity of a waiver of citation signed by an attorney-in-fact for a distributee.
One of the decedent’s distributees is a nephew, John J. Bridgeford, who is presently residing in the Albany County Nursing Home and who is listed in the probate petition as a person under disability. On or about November 13, 1986, Mr. Bridgeford executed a durable short-form general power of attorney in favor of his son, Michael J. Bridgeford. The power of attorney was drafted on a standard preprinted legal form which appears to be exactly the same as the statutory short-form general power of attorney set forth in section 5-1501 of the General Obligations Law with the addition of the durability clause pursuant to General Obligations Law § 5-1601 (1). The attorney-in-fact has caused this power of attorney to be recorded in the court pursuant to EPTL 13-2.3 and has filed the affidavit required by rule 207.48 of the Uniform Rules for Trial Courts (22 NYCRR).
On September 23, 1991, Michael Bridgeford signed a waiver of citation as attorney-in-fact for John J. Bridgeford wherein he waived issue and service of citation, consented to the probate of decedent’s will, and authorized the appearance of John J. Bridgeford to be entered on the record.
OPINION
The questions to be resolved by the court are: (1) Can the attorney-in-fact give the court jurisdiction over John J. Bridge-ford, a person under disability by the signing of the waiver of citation as his attorney-in-fact? and (2) Is the attorney-in-fact empowered to consent to probate on behalf of the principal? The court cannot find any case law which directly answers these questions.
The logical starting point in an analysis of this situation is a review of SCPA 401 and 402. SCPA 401 tells us who may appear in a proceeding and how the appearance is to be made. SCPA 402 (1) discusses how an infant may appear by the guardian of his property, an incompetent by the committee of his property, and a conservatee by his conservator. SCPA 402 (2) states "A person under disability shall appear by a guardian ad litem where no appearance is made as provided in subdivision 1 or where the Court so directs because of possible adversity or conflict of interest or for other cause”. Neither SCPA 401 nor 402 refers to the appearance of a principal by his attorney-in-fact.
*45 We must further examine SCPA 401 in conjunction with the broad and sweeping powers given an attorney-in-fact by the provisions of General Obligations Law § 5-1502G concerning "estate transactions”. Subdivisions (1)-(10) enumerate in great detail all of the estate-related matters that the principal authorizes the agent to act upon. Particularly relevant to the issue before the court is subdivision (7) which states: "7. To execute, to acknowledge, to verify, to seal, to file and to deliver any consent, designation, pleading, notice, demand, election, conveyance, release, assignment, check, pledge, waiver, admission of service, notice of appearance or other instrument which the agent may think useful for the accomplishment of any of the purposes enumerated in this section” (emphasis added).
Prior to June 10, 1975, the effective date of General Obligations Law § 5-1601, the authority of an attorney-in-fact was revoked or terminated by the disability or incompetence of the principal. However, General Obligations Law § 5-1601 changed that by allowing a principal to execute a power of attorney which would not be affected by the principal’s subsequent disability or incompetence.
On its face then, there appears to be a conflict between the General Obligations Law and SCPA 402 (2). The court notes, however, that at the time SCPA 402 (2) was enacted, General Obligations Law § 5-1601 did not exist and, thus, could not have been considered in the drafting of SCPA 402 (2).
Moreover, a cogent argument can be made that an attorney-in-fact, as a person who has been selected and conferred with authority by the principal himself or herself, certainly has the same ability to appear for the principal, as would a guardian, committee or conservator, all of whom are fiduciaries whose selection is generally not influenced by the principal.
The court has found only one case which discusses an appearance in Surrogate’s Court by an attorney-in-fact and the ramifications of General Obligations Law § 5-1502G. In Matter of Friedman (126 Misc 2d 344 [1984]) Surrogate Gelfand concluded that although with respect to "estate transactions” the statutory short-form power of attorney is broad and sweeping, it does not permit a layperson by virtue of his or her capacity as attorney-in-fact for his or her principal to appear on his or her principal’s behalf and act as legal counsel. The Surrogate pointed out that the principal could appear in court and prosecute his or her objections to probate pro se, but he or she could not do so through an attorney-in- *46 fact acting on his or her behalf. This would constitute an unauthorized practice of law by a layman.
Noteworthy by its absence is the fact that Surrogate Gelfand did not in any way find that the attorney-in-fact was not legally empowered to otherwise act for the principal.
As was observed by the court in Matter of Arens v Shainswit (37 AD2d 274, 279, affd 29 NY2d 663): "The General Obligations Law codifies as the public policy of this State that there be liberal use and judicial recognition of the efficacy of powers of attorney”.
It is the opinion of this court that the questions posed in this case are to be answered in the affirmative, albeit conditionally. Giving liberal interpretation to General Obligations Law §§ 5-1502G and 5-1601, the court concludes that a principal under disability may appear in Surrogate’s Court thus giving the court jurisdiction over him or her, and may consent to probate of a will, via waiver of citation and consent signed by his or her duly empowered attorney-in-fact. The Surrogate may however refuse to accept such appearance and consent, if, after review of any documents filed pursuant to rule 207.48 (22 NYCRR) and EPTL 13-2.3, the Surrogate finds "possible adversity or conflict of interest” between the principal and attorney-in-fact, or finds "other cause” why refusal is justified as to the appearance and/or consent (SCPA 402 [2]). Also, the Surrogate always has the discretion to appoint a guardian ad litem and may therefore in that case, accept the appearance but not the consent.
In the case at hand, the court is satisfied from the affidavit filed that there is no legal conflict between the attorney-in-fact and the principal, and that the attorney-in-fact is capable of acting for the principal. The waiver of citation and consent submitted is accepted and shall be filed by the clerk of the court.