Matter of Nicosia (2025 NY Slip Op 51624(U))

[*1]

Matter of Nicosia

2025 NY Slip Op 51624(U)

Decided on October 8, 2025

Surrogate's Court, Erie County

Mosey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 8, 2025
Surrogate's Court, Erie County

In the Matter of the Estate of Emanuel Nicosia, Jr., a/k/a Emanuel N. Nicosia, Jr., Deceased.

File No. 2024-1677/A

Callocchia Law Firm, PLLC
Appearing for Carol Quesnel
Frank Callocchia, Esq., of Counsel

Acea M. Mosey, S.

Emanuel Nicosia, Jr. [hereafter, decedent], died testate on February 13, 2024. He was survived by his wife, Jean Nicosia [hereafter, Jean], and four children: Kathleen Nicosia [hereafter, Kathleen], James Nicosia [hereafter, James], Richard Nicosia [hereafter, Richard], and Carol Quesnel [hereafter, Carol].
Decedent's original Last Will and Testament, dated November 11, 1981 [hereafter, the Will], together with proofs thereof, was filed pending probate on April 22, 2024. The Will leaves decedent's entire estate to Jean. The Will nominates Jean as executrix of the estate, with daughter Carol and son Richard nominated as successor co-executors.
On August 19, 2025, Carol filed a petition seeking admission of the Will to probate and requesting that letters testamentary be issued solely to her. The petition was accompanied by a Renunciation of Nominated Executor executed by Carol on behalf of Jean, the executrix nominated under the Will, and a Renunciation of Nominated Executor executed by Richard, who was nominated as co-executor with Carol. Carol also submitted a Power of Attorney (NY statutory short form) executed by Jean on March 7, 2024 [hereafter, the POA], naming Carol as her attorney-in-fact, to be recorded with this court.
The petition identified decedent's wife, Jean, as a person under a disability [dementia] who resides with decedent's daughter Kathleen. The petition indicates that Carol now seeks to use the POA to renounce Jean's nomination under the Will as executor, and to issue letters testamentary to her. 
For the reasons which briefly follow, I find that Carol's petition must be denied.
This Court [Howe, J.] has pointed out that "[a]s a general matter, recognition of a power of attorney will be granted provided there is a showing that the instrument was validly executed and that there is no conflict of interest in the estate proceeding between the attorney in fact and the principal" (Matter of Murray, 14 Misc 3d 591, 600 [2006]). "In this regard, SCPA 402(1), EPTL 13—2.3 and Uniform Rules for Surrogate's Court § 207.48 [22 NYCRR § 207.48] furnish procedural guidance" (id.).
Accordingly, "[a] surrogate may accept a waiver and consent executed by an attorney-in-fact on behalf of a disabled person, and dispense with the appointment of a guardian ad litem, [*2]when (1) the power of attorney has been submitted for recording, (2) the attorney-in-fact submits a valid rule 207.48 affidavit, and (3) there is no conflict of interest between the disabled person and the attorney-in-fact" (Matter of Gower, 74 Misc 3d 787, 789 [2022], citing this Court's decision in Matter of Murray, supra; Matter of Garvin, 153 Misc 2d 43 [1991]). "However, when there is a potential conflict of interest between the disabled person and the attorney-in-fact, then the court will not rely on the power of attorney and will instead appoint a guardian ad litem" (Matter of Gower, supra, at 789-790, citing Matter of Kunkis, 162 Misc 2d 672 [1994] [disallowing a son, as his mother's attorney-in-fact, to renounce his mother's spousal rights because that renunciation would increase the son's share in the estate, thereby creating a conflict of interest between them]).
Here, Carol filed the POA with the court for recording pursuant to EPTL 13-2.3 (a), and has produced an attorney-in-fact affidavit describing the circumstances of such appointment and service (see Uniform Rules for Sur Ct [22 NYCRR] § 207.48). The POA appears valid on its face.
However, representation of Jean by Carol as attorney-in-fact as proposed now would result in a conflict of interest. If the renunciation is effective, Carol, the attorney-in-fact, will be appointed executor of this estate instead of Jean. Such conflict precludes the use of the POA as Carol has proposed. Instead, a citation must be issued to Jean with respect to Carol's request to be appointed sole fiduciary of this estate, and a guardian ad litem will be appointed to represent Jean's interest in the matter.
Accordingly, Carol's petition must be, and it hereby is, denied, without prejudice to Carol filing an amended petition for the relief she seeks, together with a proposed citation to be issued to Jean.
This decision shall constitute the Order and Decree of this Court to the extent indicated, and no other or further order or decree shall be required.
DATED: October 8, 2025
BUFFALO, NEW YORK
HON. ACEA M. MOSEY
Surrogate Judge